**Shirley GENTRY, Appellant,**

v.

**Jim DAVIS, Appellee.**

Supreme Court of Tennessee.

July 1, 1974.

———◆———

George H. Buxton, III, Buxton & Buxton, Oak Ridge, for appellant.

Roger L. Ridenour, Clinton, for appellee.

## OPINION

FONES, Justice.

Pursuant to the provisions of T.C.A. § 16–408, appellant has perfected a direct appeal to this Court from the dismissal of her suit by the Juvenile Court of Roane County. Appellant filed suit to bring appellee, a resident of Georgia, before the courts of Tennessee to declare him to be the father of her then unborn child, and to legitimate the child for the purposes of inheritance from the father. Though not so stated in the complaint, such suits are brought under authority of T.C.A. §§ 36–222 to 36–236. Appellant's complaint alleged that

> "during the time biologically certain to have been the instant of conception, your Petitioner had sexual intercourse with your Defendant in Roane County, Tennessee, and with no other person."

Appellee here appeared specially through his attorney and moved to dismiss the paternity petition on the basis of improper service of process. The court below found appellee's motion to be well taken and accordingly ordered the petition dismissed.

Defendants in paternity actions in Tennessee courts may be summoned and brought before the courts as in criminal cases, or in the discretion of the judge, as in civil cases. T.C.A. § 36–224. Service of process in the instant case was attempted as in civil cases, utilizing Tennessee's "long-arm" jurisdictional statutes codified as T.C.A. §§ 20–235 to 20–242.

T.C.A. § 20–236 provides for service by registered mail by the office of the Secretary of State on non-resident defendants in specified actions listed in T.C.A. § 20–235. The provisions of the latter are as follows:

> *"Jurisdiction of persons unavailable to personal service in state—Classes of actions to which applicable.*—Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
>
> (a) The transaction of any business within the state;
>
> (b) Any tortious act or omission within this state;
>
> (c) The ownership or possession of any interest in property located within this state;
>
> (d) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting;
>
> (e) Entering into a contract for services to be rendered or for materials to be furnished in this state.
>
> (f) Any basis not inconsistent with the constitution of this state or of the United States.

'Person' as used herein shall include corporations and all other entities which would be subject to service or process if present in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative."

 We assume without deciding that jurisdiction in the present cause must be founded on sections (b) or (f) of the above statute. We quote from the only case our research has disclosed from the highest court of another state. State ex rel. Nelson v. Nelson, 216 N.W.2d 140 (Minn.Sup.Ct.1974):

> "The doing of an act prohibited by law or the neglect to perform a duty imposed by law, resulting in damages to another, creates a legal liability . . . [citations omitted], and may be denominated a tort within the scope of the long-arm statute." *Nelson*, supra, at 143.

Inasmuch as the father of a child born out of wedlock is liable under Tennessee law for the education, support and any funeral expenses of the child, as well as for the expenses of the mother's confinement and recovery, we adopt the holding of the *Nelson* case, quoted supra. See T.C.A. § 36–223. We hold that the allegation in appellant's complaint, that appellee committed an act in Tennessee which would render him liable for the support of their offspring, is sufficient to confer upon Tennessee courts personal jurisdiction of the appellee, and that the method of service of process provided by T.C.A. § 20–236 is proper in this case.

We find nothing in the application of the long-arm jurisdictional statute and substituted service of process statute offending those fundamental notions of fairness to the defendant which defined the limitations of long-arm jurisdiction. See International Shoe Co. v. State of Washington, *326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).*

The judgment below is reversed and the cause remanded to the Juvenile Court for further proceedings not inconsistent herewith. The costs of this appeal shall be taxed to appellee, with all other costs to abide the outcome upon remand.

DYER, C. J., CHATTIN, and Mc-CANLESS, JJ., and LEECH, Special Justice, concur.