Cherry Sue BARNHART

v.

Mark Roger MADVIG.

Supreme Court of Tennessee.

May 12, 1975.

James W. Surprise, Barnhart & Surprise, P. C., Memphis, for appellant.

Carl H. Langschmidt, Jr., Boone, Wellford, Clark, Langschmidt & Pemberton, Memphis, for appellee.

OPINION

COOPER, Justice.

This appeal is from an order of the Juvenile Court of Shelby County dismissing a paternity suit for lack of *in personam* jurisdiction over the alleged father.

Cherry Sue Barnhart filed a sworn petition naming Mark Robert Madvig as the father of her child and sought a decree of paternity and support against Mr. Madvig. The factual allegations of the petition in their entirety are as follows:

"1. Petitioner is a resident of Memphis, Shelby County, Tennessee. Defendant is a non-resident of the State of Tennessee and a resident of the State of Minnesota.

"2. The petitioner hereby represents to this Court that the defendant is the natu-ral father of Michael Robert Barnhart, born out of wedlock to petitioner on August 15, 1972, in Memphis, Shelby County, Tennessee, petitioner being the natural mother of said child."

The appellee was served with copies of the petition and summons in the State of Minnesota pursuant to the Tennessee long-arm statute, Tennessee Code Annotated, Section 20–235 *et seq.* On service, appellee made a special appearance to contest jurisdiction. For the purpose of the motion, the parties stipulated that "the petitioner has never been in the company of the defendant in the State of Tennessee." The trial court determined from the pleadings and the stipulation that it did not have personal jurisdiction over the defendant and dismissed the petition.

The question on appeal is whether in a paternity action instituted by the mother who is a resident of Tennessee, a Tennessee court may obtain personal jurisdiction over a nonresident alleged father, who has never been in Tennessee, by service in a foreign state pursuant to the long-arm statute.

Appellant insists that jurisdiction of the person of appellee was properly acquired under sections (b) and (f) of T.C.A. § 20–235, citing *Gentry v. Davis*, 512 S.W.2d 4 (Tenn.1974).

Tennessee Code Annotated Section 20–235 provides in part as follows:

"Jurisdiction of persons unavailable to personal service in state—Classes of action to which applicable.—Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

\*    \*    \*    \*    \*    \*

(b) Any tortious act or omission within this state:

\*    \*    \*    \*    \*    \*

(f) Any basis not inconsistent with the constitution of this state or of the United States."

In the *Gentry* case, *supra*, this court held that a nonresident defendant in a paternity suit is subject to service under the long-arm statute, where it was charged that "during the time biologically certain to have been the instant of conception, your Petitioner had sexual intercourse with your Defendant in Roane County, Tennessee, and with no other person." In doing so, the court assumed without deciding that jurisdiction must be founded on sections (b) and (f) of T.C.A. § 20–235 and held that:

> "[T]he allegation in appellant's complaint, that appellee committed an act in Tennessee which would render him liable for the support of their off-spring, is sufficient to confer upon Tennessee courts personal jurisdiction of the appellee, and that the method of service of process provided by T.C.A. § 20–236."

Now, faced with the proposition of deciding whether a paternity action is an action in tort so as to subject a nonresident defendant to service under the long-arm statute as contended by appellant, we have concluded as did the court in *A. R. B. v. G. L. P.*, 507 P.2d 468 (Colo.1973), that:

> "[B]y the application of the most liberal rules of construction (none of the numerous definitions of a 'tort' and 'a tortious act'), would tolerate the inclusion of an act of sexual intercourse between consenting adult [parties], which, in the absence of allegations showing otherwise, is the nature of the act involved in this paternity case."

See also *Anonymous v. Anonymous*, 49 Misc.2d 675, 268 N.Y.S.2d 710 (1966). Cf. *Poindexter v. Willis*, 87 Ill.App.2d 213, 231 N.E.2d 1 (1967).

Section (f) of the long-arm statute grants to Tennessee courts the broadest possible jurisdiction over nonresident defendants by expressly providing that *in personam* jurisdiction can be asserted on *any basis* not inconsistent with the constitution of this state or of the United States. In *International Shoe Company v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Court pointed out that:

> ". . . [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

In the course of its opinion in *International Shoe* the Court also said:

> "Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make a binding judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations."

In the instant case appellant set out no facts in her petition which would indicate that appellee engaged in any activity in Tennessee or had any contact with Tennessee which could confer upon the Tennessee courts *in personam* jurisdiction over him in a paternity suit. To the contrary appellant stipulated that she and appellee were never together in Tennessee, which means, of course, that sexual intercourse took place in a state other than Tennessee. Tennessee came into the picture only because the appellant, having conceived a child in a sister state, elected to come to Tennessee to have her child. She could have just as easily have picked any one of the other forty-nine states as the birthplace of her child and her place of residence.

In *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the Court pointed out that:

> "The unilateral activity of those who claim some relationship with a nonresi-

dent defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, *but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State,* thus invoking the benefits and protections of its laws. *International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95. (Emphasis added.)

Certainly the unilateral act of the appellant in coming to Tennessee from the state where she had sexual intercourse with the appellee does not satisfy the due process requirement of minimum contact with the forum state so as to permit Tennessee Courts to take *in personam* jurisdiction of the appellee. To hold otherwise would allow the appellant to select the forum most favorable for her purpose by the simple expedient of establishing residence for her and her child.

Judgment affirmed. Costs incident to the appeal are adjudged against appellant.

HENRY, BROCK and HARBISON, JJ., concur.

FONES, C. J., not participating.