Lebaron Thomas TAYLOR, Appellant,

v.

The TEXAS DEPARTMENT OF PUBLIC WELFARE, Appellee.

No. 17799.

Court of Civil Appeals of Texas, Fort Worth.

March 25, 1977.

Rehearing Denied April 22, 1977.

Law Offices of Troy Douthitt, Jr., and James Q. Smith and Wm. H. Harris, Wichita Falls, for appellant.

Bill J. Ballard, Wichita Falls, for appellee.

## OPINION

HUGHES, Associate Justice.

The Texas Department of Public Welfare brought this paternity and child support action against LeBaron Thomas Taylor. The action was filed before the amendment of Tex.Family Code Ann. § 13.01 (Supp. 1976–77), effective September 1, 1975, which provides for actions to determine paternity. Welfare sought an order of child support and recovery for legal services rendered and monies already expended for the child's support (under the Aid to Families with Dependent Children program with an assignment of rights by the mother pursuant to Tex.Rev.Civ.Stat.Ann. art. 695c § 18–B (Supp.1976–77) and 42 U.S.C. § 602 (Supp.1976)). The trial court rendered a default decree for Welfare, and Taylor has petitioned for writ of error. Welfare contends that the trial court had personal jurisdiction over Taylor, who is a nonresident, under the provisions of Tex.Rev.Civ.Stat. Ann. art. 2031b (1964) which permits the exercise of personal jurisdiction over nonresident persons committing tort within this state.

We reverse and render.

This action was initiated in 1974. Welfare filed its Second Amended Original Petition to Establish Paternity and Obtain Child Support on December 9, 1975, giving as Taylor's last known address that of his employer in Kansas City, Missouri. The case was tried without a jury. Taylor did not attend the trial and did not file an answer.

At the hearing on the merits the child's mother testified that around December of 1970 she had "relationships" with Taylor for a period of three months on a regular basis and that she was not having relationships with anybody else at that time. She further testified that she had sexual relations with Taylor "at a time when in the course of normal events a child was conceived and subsequently born." The child was born on December 18, 1972.

A letter from Taylor was admitted into evidence which, in effect, told the mother not to "rock the boat" and he would help her all he could. He wrote that $50.00 was enclosed (she denied getting it) and that he would send money when he could. He intimated that if she "made waves" he might deny responsibility and it would then be just her word against his.

Taylor went from Wichita Falls to Houston sometime before the letter was written. Personal service was attempted upon him in Houston, but he was reported to have moved to Kansas City, Missouri. At the hearing, Welfare introduced into evidence a certificate of the Secretary of State, State of Texas, which showed that copies of the citation and petition in this cause had been sent to Taylor on January 15, 1976, at the Kansas City address pursuant to the "long-arm statute," Tex.Rev.Civ.Stat.Ann. art. 2031b.

On March 5, 1976, the court rendered a decree which declared Taylor the father of the child and ordered him to pay $86.00 per month to Welfare. The decree also awarded Welfare $2,420.77 plus interest for payments it had already made to the mother and $275.00 for legal services rendered.

On March 15, 1976, Taylor filed a Special Appearance on Plea to Jurisdiction alleging that the "record" did not show that the Secretary of State had mailed a copy of the service to him as required by statute. The transcript reflects that a certificate from the Secretary of State's office was filed in the action in the office of the district clerk later that day. The certificate stated that copies of the citation and petition were forwarded to Taylor at the Kansas City address on January 15, 1976 (in accordance with Tex.Rev.Civ.Stat.Ann. art. 2031b). On March 16, 1976, eleven days after the decree was rendered, Taylor filed a Motion for New Trial. The trial court overruled his Motion for New Trial and Motion to the Jurisdiction on May 21, 1976.

■ Taylor contends that the face of the record reflects that the trial court had no jurisdiction in this case. Taylor claims that he was not amenable to service of process under Tex.Rev.Civ.Stat.Ann. art. 2031b and that the trial court had no jurisdiction over his person.

*Whitney v. L & L Realty Corporation*, 500 S.W.2d 94, 95–6 (Tex.1973) set forth the following test for the "record showing of jurisdiction necessary to support a default judgment upon substituted service . . . : (1) The pleadings must allege facts which, if true, would make the defendant . . . 'amenable to process' by the use of the long-arm statute; and (2) there must be proof in the record that the defendant was, in fact, served in the manner required by statute." For the reasons discussed below, we hold that the pleadings before us do not meet part (1) of this test.

Welfare argues that the trial court obtained jurisdiction over Taylor under the provisions of Tex.Rev.Civ.Stat.Ann. art. 2031b. The petition alleged that Taylor had fathered a child born out of wedlock in Texas in December 1972, and that he had failed to support the child. Welfare also contends, without citation of authority, that fornication, which was a misdemeanor under former Tex.Penal Code art. 503 at the time of the child's conception, provides a basis for its tort theory. Taylor argues Welfare has not alleged that he committed acts constituting a tort.

There is a split of authority as to whether an action to determine paternity and obtain child support is a tort action. See *State ex rel. Nelson v. Nelson*, 298 Minn. 438, 216 N.W.2d 140 (1974) and *Poindexter v. Willis*, 87 Ill.App.2d 213, 231 N.E.2d 1 (1967) (upholding tort theory); *Barnhart v. Madvig*, 526 S.W.2d 106 (Tenn.1975); *State ex rel. Carrington v. Schutts*, 217 Kan. 175, 535 P.2d 982 (1975); *A.R.B. v. G.L.P.*, 180 Colo. 439, 507 P.2d 468 (1973); and *Anonymous v. Anonymous*, 49 Misc.2d 675, 268 N.Y.S.2d 710 (Family Ct. N.Y. 1966) (rejecting tort theory). For a discussion of the cases from other jurisdictions, see also Levy, *Asserting Jurisdiction Over Nonresident Putative Fathers in Paternity Actions*, 45 U.Cin.L.Rev. 207 (1976).

We disagree with Welfare's position and adopt the reasoning of *A.R.B. v. G.L.P., supra*. There the Colorado Supreme Court declared that sexual intercourse between consenting adults was not a tort and that therefore the "tortious act" provision of the Colorado long-arm statute did not permit the exercise of personal jurisdiction over the nonresident in that case. In so holding the court affirmed the lower court's decision in *People in the Interest of D.R.B.*, 30 Colo.App. 603, 498 P.2d 1166 (1972) which held that, in and of itself, the fathering of an illegitimate child was not a tortious act. See also 55 Tex.Jur.2d *Torts* § 8 (1964). We hold that the pleadings did not allege facts which, if true, would constitute a tort and make Taylor amenable to process under art. 2031b. The record is insufficient to support the default judgment upon substituted service under *Whitney, supra*.

Taylor also argues that the judgment is void as a substantive matter. If governed by the law in existence before the September 1, 1975 effective date of Tex.Family Code Ann. § 13.01, he claims that the judgment is void because the common law did not provide for an involuntary determination of paternity. If governed by the new § 13.01, Taylor claims that the decree of March 5, 1976 is void because it is barred by its requirement that a "suit to establish the parent-child relationship between a child who is not the legitimate child of a man and the child's natural father by proof of paternity must be brought before the child is one year old, or the suit is barred."

In view of our holding under Taylor's first point of error, that the trial court lacked personal jurisdiction over Taylor, we find it unnecessary to decide this question.

■ We overrule Taylor's second point of error by which he asserts that Bill Ballard, the attorney for Welfare, lacks authority under Tex.Const. art. V, § 21 to initiate this claim on behalf of Welfare. (Section 21 provides that "The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective

counties . . . .") Taylor did not properly invoke Tex.R.Civ.P. 12 which requires that he must have presented a sworn written motion contesting Ballard's authority to represent Welfare in the trial court, and it is too late to now urge it. *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760 (1942); *City of Grand Prairie v. Finch*, 294 S.W.2d 851 (Tex.Civ.App.—Dallas 1956, no writ).

Judgment of the trial court is reversed with judgment here rendered vacating the paternity and child support decree.