**Billy Joe WILLIAMS et ux., et al., Plaintiffs,**

v.

**BRIDGESTONE TIRE COMPANY OF AMERICA et al., Defendants.**

**No. CIV-2-78-179.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 23, 1979.

Olen G. Haynes, Hicks, Arnold & Haynes, G. Richard Johnson, Myers, Saylor & John-son, Johnson City, Tenn., Gene P. Gaby, Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn., for plaintiffs.

C. T. Herndon, III, Herndon, Coleman, Brading & McKee, Johnson City, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A magistrate of this district recommended that this action be dismissed as to the defendant Raney Tire, Inc. for lack of jurisdiction over its person. 28 U.S.C. § 636(b)(1)(B). Such recommendation was filed with the Court, and a copy thereof was mailed on February 2, 1979 to all parties hereto. 28 U.S.C. § 636(b)(1)(C). No timely written objection thereto was served and filed. 28 U.S.C. § 636(b)(1). Such recommendation hereby is ACCEPTED, *idem.*, and, as to the defendant Raney Tire, Inc., this action hereby is

DISMISSED for lack of jurisdiction of its person. Rule 12(b)(2), Federal Rules of Civil Procedure.

■ Ostensible service of process on the dismissed defendant was undertaken herein under the provisions of the Tennessee long-arm statute, T.C.A. § 20-235. The dismissed defendant served affidavits in support of its motion for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, and the plaintiffs served counter-affidavits.[1] Therefrom, it appears that the assertion of jurisdiction over the dismissed defendant offended traditional notions of fair play and substantial justice, because the dismissed defendant had not purposefully availed itself of the privilege of acting in Tennessee; that the tort alleged in the complaint occurred in a state other than Tennessee; and, accordingly, that the acts and consequences caused by the dismissed defendant did not have a substantial

---

1. ·A motion to quash the service of summons for lack of jurisdiction, supported by affidavits, is similar in procedural respects to a motion for a summary judgment. *Weller v. Cromwell Oil Company*, C.A. 6th (1974), 504 F.2d 927, 929–930 [3].

enough connection with Tennessee to make the exercise of jurisdiction over the dismissed defendant herein reasonable. *See Southern Machine Co. v. Mohasco Industries, Inc.,*[2] C.A. 6th (1968), 401 F.2d 374, 377 [5]; *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283, 1297–1298 (headnotes 27, 28); *Barnhart v. Madvig* (Tenn., 1975), 526 S.W.2d 106, 109; *McCoy v. Wean United, Inc.,* D.C.Tenn. (1973), 67 F.R.D. 491, 493 [3–5]; *Pickens v. Hess,* C.A. 6th (1978), 573 F.2d 380, 386 [9].

■ Although the motion of December 28, 1978 of the dismissed defendant is denominated a "motion for a summary judgment," it is clear from its language that such motion was intended as a motion to dismiss for lack of jurisdiction of its person, Rule 12(b)(2), *supra,* or, in the alternative, for a summary judgment, Rule 56(b), *supra;* and, regardless of the procedural vehicle employed, in the absence of jurisdiction over the person of the dismissed defendant in this action, any judgment or order this Court might enter against it would be void. *Cf. Robertson v. Railroad Labor Board* (1925), 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119. Thus, the dismissed defendant has an unqualified right to have this order, granting its motion to dismiss as to it, granted. *Read v. Ulmer,* C.A. 5th (1962), 308 F.2d 915, 917 [1].

---

2. The three-prong test established in *Southern Machine Co. v. Mohasco Industries, Inc., supra,* is still the rule in this circuit. See *Pickens v. Hess, supra,* and *Capital Dredge & Dock Corp. v. Midwest Dredging Co.,* C.A. 6th (1978), 573 F.2d 377.