Lawrence E. LARSON and Lorice M. Larson, Plaintiffs,

v.

The ASSOCIATION OF APARTMENT OWNERS OF LAHAINA SHORES, an unincorporated condominium association, and Chaney, Brooks & Company, a Hawaiian limited partnership, Defendants.

Civ. No. 4–84–990.

United States District Court,
D. Minnesota,
Fourth Division.

April 16, 1985.

Lawrence R. Commers, Kirk W. Reilly, MacIntosh & Commers, Minneapolis, Minn., for plaintiffs.

V. Owen Nelson, Kay Nord Hunt, Lommen, Nelson, Sullivan & Cole, P.A., Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendants' motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

### FACTS

Plaintiffs Lawrence E. Larson and Lorice M. Larson, both residents of Minnesota, were paying guests at the Lahaina Shores Hotel in Lahaina, Maui, Hawaii from February 28, 1983 to March 7, 1983. On March 6, 1983, while walking through the Lahaina Shores parking lot, plaintiff Lawrence Larson fell into an open hole created by the removal of a tree. Larson injured his right knee, right ankle, and right foot, and aggravated a previous circulatory condition. Plaintiffs allege that these injuries were the result of defendants' negligence in failing to maintain the parking lot and failing to adequately warn hotel patrons of a dangerous condition.

Defendants in the instant action are the Association of Apartment Owners of Lahaina Shores, an unincorporated Hawaiian condominium association, and Chaney, Brooks & Company, a Hawaiian limited partnership. The Lahaina Shores Condominium complex contains both rental and non-rental units. Those units which are rented comprise the Lahaina Shores Hotel, which is managed by the defendant Chaney, Brooks & Company.[1] Neither of the defendants are incorporated in Minnesota nor authorized to do business in Minnesota. Moreover, it is undisputed that neither defendant has any offices, places of business, bank accounts, or real or personal property within the state of Minnesota. Defendants have submitted an affidavit by the general manager of the Lahaina Shores Condominium which states that defendants have no agents in Minnesota, that defendants do not expend funds within Minnesota for the purpose of attracting Minnesota residents to stay at the Lahaina Shores Hotel, and that defendants do not "actively send or provide promotional materials to entities within the State of Minnesota for distribution within the State of Minnesota." Affidavit of William Soares, February 21, 1985, ¶ 7.[2] The general manager of Lahaina Shores Condominiums further states that he travels to the mainland United States once or twice a year to promote the condominium and the hotel. While on the mainland, he attends trade shows and invites travel agents to view the Lahaina Shores property. He has never entered Minnesota on these trips, nor has he ever actively solicited patrons from Minnesota.

Plaintiffs have brought forth few facts relating to defendants' connections with the state of Minnesota. Plaintiffs have submitted proof that a number of travel agencies in the Twin Cities have placed travelers with the Lahaina Shores and have carried Lahaina Shores promotional material.

Defendants now move to dismiss plaintiffs' complaint for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2). Plaintiffs oppose this motion and in the alternative request that if the Court rules that it does not have personal jurisdiction, the case be transferred to the United States District Court for the District of Hawaii.

### DISCUSSION

The personal jurisdiction analysis generally follows two steps. First, the Court must determine whether the facts satisfy the applicable state long arm statute. If they do not, the Court may not assert personal jurisdiction over the defendants to the action. Second, the Court must determine whether the exercise of

---

1. There are currently 199 units within Lahaina Shores Condominiums, of which 160 are at this time involved in rental operations.

2. Defendants did state in their answers to plaintiffs' interrogatories that they have sent informational brochures to Minnesota travel agents on at least two occasions, at the travel agents' request.

personal jurisdiction is consistent with the requirements of due process. *Scullin Steel Company v. National Railway Utilization Corp.*, 676 F.2d 309, 312 (8th Cir. 1982). In the instant case, plaintiffs have failed to demonstrate facts sufficient to satisfy the Minnesota Long Arm Statute, Minn.Stat. § 543.19.[3]

### a. Minnesota Long Arm Statute

■ The Minnesota Long Arm Statute, Minn.Stat. § 543.19, subd. 1, provides in pertinent part as follows:[4]

As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

. . . . .

(b) Transacts any business within the state, or

. . . . .

(d) Commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found:

(1) Minnesota has no substantial interest in providing a forum; or

(2) the burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice. . . .

Subdivision 3 of section 543.19 provides as follows:

Only causes of action arising from acts enumerated in subdivision 1 may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

The long arm statute is intended to extend the jurisdiction of Minnesota courts over nonresident defendants and foreign corporations to the maximum extent allowed by due process. *Vikse v. Flaby*, 316 N.W.2d 276, 281 (Minn.1982); *State ex rel. Nelson v. Nelson*, 298 Minn. 438, 216 N.W.2d 140 (1974). When a defendant challenges jurisdiction, the burden is on the plaintiff to make out a prima facie case of jurisdiction. *Hardrives, Inc. v. City of LaCrosse, Wis.*, 307 Minn. 290, 240 N.W.2d 814, 818 (1976). Once the plaintiff makes a prima facie showing, the burden shifts to the moving party to demonstrate a lack of jurisdiction. *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 653 (8th Cir.1982). In the instant case, defendants correctly argue that plaintiffs have failed to make out a prima facie case of jurisdiction.

■ Defendants, relying on the affidavit of the general manager of Lahaina Shores

---

**3.** The Court also finds that it would be unconstitutional to exercise personal jurisdiction over the defendants. The defendants' tenuous connections with Minnesota are not "such that . . . [they] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). In a case with substantially similar facts to the instant action, the Court held that a defendant hotel's "isolated activities in arranging advertisements in telephone directory yellow pages [in Minnesota] and . . . the occasional transmittal of promotional material to Minnesota travel bureaus" were not enough to support jurisdiction. *Brennan v. Westinghouse Elevator Co., Inc.*, CIVIL 4–78–398, slip op. at 4 (D.Minn.1979). *See also Goodman v. Copper Mountain Resort Association*, CIVIL 3–82–1461 (D.Minn.1983) (Magnuson, J.) (activities of advertising in magazines and distributing brochures to travel agents within forum state does not constitute minimum contacts); *Scheidt v. Young*, 389 F.2d 58 (3d Cir.1968) (New Jersey plaintiff injured at defendant Pennsylvania hotel; no jurisdiction where defendant placed advertisement in New York newspaper that circulated in New Jersey).

**4.** The long arm statute also provides for jurisdiction over non-residents where the non-resident defendant owns, uses or possesses real or personal property situated in Minnesota, Minn. Stat. § 543.19, subd. 1(a), and where the defendant commits an act in Minnesota causing injury or property damage, *id.* § 543.19, subd. 1(c). Plaintiffs concede that the facts of the instant case do not fall within either of these provisions.

Condominiums, argue that they have not transacted any business in Minnesota, and that jurisdiction is therefore not appropriately based on Minn.Stat. § 543.19, subd. 1(b). This argument is persuasive. Defendants have no offices or agents in Minnesota, and they do not actively send promotional materials into Minnesota. Moreover, defendants have never entered the state of Minnesota in order to encourage patronage of the Lahaina Shores Condominiums. The only way defendants' travel brochures enter Minnesota is through the unilateral actions of travel agents who attend trade shows outside Minnesota, or through the defendants' response to requests for information from Minnesota travel agents. The Court simply cannot conclude on this record that the defendants transact business within the state of Minnesota. In a letter brief subsequent to the hearing on defendants' motion, counsel for the plaintiffs essentially concedes that the record in this case does not support the argument that defendants transact business within Minnesota so as to satisfy Minn.Stat. § 543.19, subd. 1(b).

 Even if the defendants transacted business within Minnesota, plaintiffs do not meet the further requirement of section 543.19 that plaintiffs' cause of action arises from such activity. Section 543.19 requires such a connection between the cause of action and the activity giving rise to the court's jurisdiction. *Tunnell v. Doelger & Kirsten, Inc.*, 405 F.Supp. 1338, 1340 (D.Minn.1976) (Devitt, C.J.); *Collyard v. Washington Capitals*, 477 F.Supp. 1247, 1250 (D.Minn.1979) (Lord, J.). *See also Goodman v. Copper Mountain Resort Association*, CIVIL 3–82–1461 (D.Minn.1983) (Magnuson, J.); *Brennan v. Westinghouse Elevator Co.*, CIVIL 4–78–398 (D.Minn. 1979) (MacLaughlin, J.). In the instant case, the defendants' promotional efforts are the activity allegedly giving rise to jurisdiction. Plaintiffs do not contend that they suffered any injury as a result of defendants' promotional activity. Rather,

plaintiffs' cause of action is based on defendants' alleged negligence in maintaining the parking lot and in failing to warn of a dangerous condition. There is therefore no nexus between plaintiffs' cause of action and the activity supporting jurisdiction, so that jurisdiction is not appropriately based on section 543.19, subd. 1(b).

 Plaintiffs argue that even if the facts of this case do not fall within section 543.19, subd. 1(b), jurisdiction is appropriate under the section of the Long Arm Statute that covers acts which are committed outside Minnesota but which cause injury or property damage in Minnesota. *Id.* subd. 1(d). Plaintiffs concede that the original injury or occurred in Hawaii, but argue that because the fall in defendants' parking lot (coupled with the flight back to Minnesota) aggravated a pre-existing medical condition, there has been "injury or property damage within Minnesota." This argument is without merit. First, plaintiffs' "aggravation" argument is strained and unpersuasive. Second, this portion of the Long Arm Statute is designed to cover actions in the nature of products liability suits (*e.g.*, a defective part is placed in a product in a state outside of Minnesota, and the product is then shipped into Minnesota, where it causes injury). In view of the fact that plaintiffs have failed to satisfy the requirements of the Minnesota Long Arm Statute, the Court finds that it has no personal jurisdiction over defendants.

**b. Transfer to District of Hawaii**

 Plaintiffs argue that even if the Court finds that there is personal jurisdiction, the Court should transfer this case to the United States District Court for the District of Hawaii. The authority for such an order is found at 28 U.S.C. § 1406(a)[5] which provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such

---

**5.** The plaintiffs mistakenly rely on 28 U.S.C. § 1404(a), which provides for changes of venue

for the convenience of parties and witnesses and in the interest of justice.

case to any district or division in which it could have been brought.

The fact that the Court does not have personal jurisdiction over the defendants does not preclude such an order. Both the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit have held that section 1406(a) authorizes a transfer in such a situation. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir.1967). In the instant case, the United States District Court for the District of Hawaii would clearly have personal jurisdiction over the defendants, and the Court will therefore transfer the action to that district.

Based on the foregoing, IT IS ORDERED that the instant case, CIVIL 4–84–990, be transferred to the United States District Court for the District of Hawaii.