**Roy ERICKSON for and on Behalf of Randal Dean ERICKSON, Plaintiff,**

v.

**Richard SPORE d/b/a Country Dam Supper Club, Defendant.**

**Civ. No. 4–85–682.**

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 2, 1985.

---

Jeffrey R. Anderson, Reinhart & Anderson, St. Paul, Minn., for plaintiff.

JAMES R. GOWLING, Geraghty, O'Loughlin & Kenney, St. Paul, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff, Roy Erickson, for and on behalf of Randal Dean Erickson, brought this action for damages against defendant, Richard Spore, d/b/a Country Dam Supper Club, alleging negligence. Jurisdiction is alleged under 28 U.S.C. § 1332. This matter is now before the court on defendant's motion to dismiss for lack of personal jurisdiction.

*Background*

For the purpose of this motion to dismiss for lack of personal jurisdiction, the court takes as true the facts alleged by the plaintiff.

Randal Dean Erickson was injured during a one automobile accident which took place on Sunday, July 1, 1979, at approximately 2:25 a.m. in St. Croix Falls, Wisconsin. Erickson was the front seat passenger in an automobile owned and operated by Robert Joseph Christian. Christian apparently lost control of the vehicle; and it skidded sideways across the highway and into a ditch. Erickson was ejected from the vehicle, rendered unconscious, and transported to a hospital in a comatose state. He has suffered severe and permanent neurological damage, and has remained in hospitals and total care medical centers since the accident. His doctors project that he will be totally dependent on others for the remainder of his life.

Plaintiff asserts that Christian left a party in Lindstrom, Minnesota, at approximately 10:30 p.m. the evening before the accident to go to the "Dam-Site Bar", and that he arrived at the Country Dam Supper

Club in Apple River, Wisconsin at approximately 11:00 p.m. and stayed until the bar closed at 2:00 a.m. Christian was "loud and obnoxious" and "consuming mixed drinks;" he was not refused service "[d]espite his obviously intoxicated state." Some time after the accident, a blood alcohol test administered by the Polk County Sheriff's Department revealed a blood alcohol concentration of .165. Christian was issued a DWI citation. Plaintiff asserts that the automobile accident and Erickson's injuries were a direct result of defendant's negligent service of intoxicating liquor to Christian when the latter was in an obviously intoxicated condition.

Certain jurisdictional facts are undisputed. Plaintiffs Roy and Randal Erickson are and have been at all material times residents of Minnesota. Defendant Richard Spore is and has been at all material times a resident of Wisconsin. From May 1979 until March 1985, Mr. Spore was owner and operator of the Country Dam Supper Club, a large dining and "on-sale" and "off-sale" liquor establishment in Apple River, Wisconsin, about 13–15 miles from the Minnesota border.

Plaintiff asserts that "prior to July 1, 1979, defendant solicited business from citizens of the State of Minnesota through newspaper, radio, and other methods of advertising within the State of Minnesota" and that defendant "knowingly accepted business from citizens of the State of Minnesota." Defendant acknowledges that prior to the accident it advertised in Tri-County Advertisers, which circulated largely in Wisconsin, but also in a small part of Minnesota.[1] Defendant also acknowledges

advertising in newspapers and on radio stations in the Minneapolis-St. Paul, Minnesota area in 1981 or 1982. Plaintiff had the opportunity to depose defendant and has submitted defendant's deposition to the court. Plaintiff points to, and the deposition evidences, no other contacts between defendant and Minnesota. It is uncontroverted that defendant had no offices, agents, employees, property, bank accounts, or loans in Minnesota. Defendant did not perform any services or enter into any contracts in Minnesota. Plaintiff does not assert that Randal Dean Erickson ever saw or heard any of defendant's advertising or that his decision to go to Country Dam was in any way related to that advertising.

*Discussion*

In considering a motion to dismiss for lack of jurisdiction, the court must take as true the facts alleged by the plaintiff; unless plaintiff fails to make out a prima facie case of jurisdiction the motion should be denied. *Hardrives, Inc. v. City of La-Crosse, Wisconsin,* 307 Minn. 290, 240 N.W.2d 814, 818 (1976). The facts must be viewed in the light most favorable to the plaintiff. Once the plaintiff makes out a prima facie showing, the burden shifts to the moving party to show a lack of jurisdiction. *Mountaire Feeds, Inc. v. Argo Impex, S.A.,* 677 F.2d 651, 653 (8th Cir.1982).

Plaintiff seeks to invoke jurisdiction under *Minn.Stat.* § 543.19 which provides for long arm jurisdiction over non-resident defendants in causes of action arising from the defendant's transacting of business within Minnesota.[2]

---

1. At deposition, defendant stated that some time after his advertising with Tri-County Advertisers he was informed that "there was some little corner around Lakeland where 30 or 40 copies were circulating in Minnesota. That was the first [he] had known [of] that."

2. *Minn.Stat.* § 543.19 provides in pertinent part:
 Subd. 1 As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal represent-

ative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

(b) Transacts any business within the state,

Subd. 3. Only causes of action arising from acts enumerated in subdivision 1 may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Minnesota's long arm statutes authorize jurisdiction over foreign corporations "to the maximum extent consistent with due process." *Marquette National Bank v. Norris,* 270 N.W.2d 290, 294 (Minn.1978). Where plaintiff asserts "specific jurisdiction" [3] over an out-of-state defendant, due process is satisfied if the defendant " 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to those activities.' " *Burger King Corp. v. Rudzewicz,* — U.S. —, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (citations and footnotes omitted). Thus, under both *Minn.Stat.* § 543.19 and the due process clause of the United States Constitution, plaintiff must make a prima facie showing that defendant has transacted business in Minnesota and that the plaintiff's injuries arise from plaintiff's activities in Minnesota.

In *West American Insurance Co. v. Westin, Inc.,* 337 N.W.2d 676 (Minn.1983), the Minnesota Supreme Court held that Minnesota lacked jurisdiction over a Wisconsin borderline liquor establishment. The court considered the traditional justification for such jurisdiction: the foreseeability of an accident in Minnesota resulting from the sale of liquor so near the border, Minnesota's strong interest in providing a forum for resident plaintiffs, and the short distance between the defendant's residence and the Minnesota forum, which "vitiates any inconvenience to the defendants," *Id.* at 679, but determined that such considerations were insufficient to meet the due process test enunciated in *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 and *Rush v. Savchuk,* 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516

(1980). In a special concurrence Justice Wahl said that "solicitation-type contacts" with Minnesota would permit the constitutional exercise of jurisdiction over foreign defendants. *West American,* 337 N.W.2d at 681.

This court is aware of only one case finding jurisdiction under *Minn.Stat.* § 543.19 largely on the basis of defendant's advertising in Minnesota. In *BLC Insurance Co. v. Westin, Inc.,* 359 N.W.2d 752 (Minn.App.1985), *petition for review denied,* No. C6-84-1422 (Minn. Apr. 15, 1985), the Minnesota Court of Appeals found jurisdiction where the defendant bar had purchased from Minnesota stations radio commercials informing listeners of "daily drink specials" 10 to 15 times each week; other facts also supported jurisdiction.[4] *Id.* at 753. *But see Larson v. Association of Apartment Owners of Lahaina Shores,* 606 F.Supp. 579 (D.Minn.1985) (no jurisdiction where Minnesota travel agents carried Hawaii defendant's promotional material).

 In this case, defendant's only contact with Minnesota prior to the accident appears to be advertising in a small Wisconsin publication with limited circulation in Minnesota. Plaintiff has had the opportunity for discovery, but it does not support jurisdiction. The court has carefully reviewed Spore's deposition for evidence of any contacts with this state. Plaintiff has not requested any additional discovery nor does he suggest that further discovery might disclose additional contacts with Minnesota.[5] The record now before the court does not show a "purposeful availment" of "the privilege of conducting activities with-

---

**3.** " 'Specific' jurisdiction contrasts with 'general' jurisdiction, pursuant to which a State exercises personal jurisdiction over a defendant in a suit not arising out of or relating to the contacts with the forum.' " *Burger King Corp. v. Rudzewicz,* — U.S. —, 105 S.Ct. 2174, 2182 n. 15, 85 L.Ed.2d 528 (1985) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 1872 n. 80, 80 L.Ed.2d 404 (1984)).

**4.** The defendant had purchased other radio time before commencing these spots and had contin-

ued advertising for a year and a half after the accident. Defendant also had purchased more than $20,000 in other goods and services in Minnesota during the year of the accident. *BLC Insurance Co.,* 359 N.W.2d at 753.

**5.** Defendant's modest advertising in Minnesota after the accident is irrelevant. Plaintiff's injury can not be said to arise from advertising occurring after that accident.

in the forum state." *West American Insurance Co. v. Westin, Inc.,* 337 N.W.2d 676, 680 (Minn.1983) (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). There are no other facts on which plaintiff seeks to found jurisdiction in this forum.[6]

■ In determining whether the maintenance of a suit against a non-resident defendant offends "traditional notions of fair play and substantial process," *Land-O-Nod Co. v. Bassett Furniture Industries Inc.,* 708 F.2d 1338, 1340 (8th Cir.1983) (quoting *International Shoe Co. v. State of Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95), the central concern must be "the relationship among the defendant, the forum, and the litigation." *Id.* (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977)).[7] The relationship here between the defendant and the forum is slight. The relationship between the forum and the litigation rests entirely on the plaintiff's residence in Minnesota; the accident took place in Wisconsin. *Compare BLC Insurance Co. v. Westin, Inc.,* 359 N.W.2d 752 (Minn.App. 1985), *petition for review denied,* No. C6-84-1422 (Minn.Apr. 15 1985) (finding long arm jurisdiction where defendant engaged in extensive advertising and other purchasing in Minnesota and accident took place in Minnesota). Finally, the connection between the accident and defendant's advertising in Minnesota is at most indirect: plaintiff does not assert that defendant's advertising had anything to do with Erickson's decision to go to the Country Dam.

For all these reasons the court reluctantly concludes that personal jurisdiction is lacking here.

### ORDER

Accordingly, based on the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that defendant's motion to dismiss for lack of personal jurisdiction is granted, and plaintiff's complaint is dismissed.

---

**6.** It is irrelevant that defendant "knowingly accepted business from citizens of the state of Minnesota." Defendant's "contacts with the forum *state* ... are of interest in determining if in personam jurisdiction exists, not its contacts with a resident." (Emphasis in original.) *Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.,* 558 F.2d 450, 455 n. 6 (8th Cir.1977) (citing *Hanson v. Denckla,* 357 U.S. 235, 250–55, 78 S.Ct. 1228, 1237–40, 2 L.Ed.2d 1283 (1958)). *See also West American Insurance Co. v. Westin, Inc.,* 337 N.W.2d 676, 679 (Minn.1983).

**7.** Traditionally, the Eighth Circuit has considered five factors. Of primary importance are

"(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; and (3) the relation of the cause of actions to the contacts." *Land-O-Nod,* 708 F.2d at 1340. Of secondary importance are "(4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Id.* In the instant case, Minnesota has an undeniably strong interest in providing a forum to a severely injured resident who has no other available forum. This interest and the obvious convenience of the forum are not determinative, however. *Id.*