SEIGAFOLAVA R. PENE,
aka ROBERT S. PENE, Plaintiff

v.

AMERICAN SAMOA POWER AUTHORITY,
ABE MALAE, Director, and VICTOR STANLEY,
Business & Finance Manager, Defendants.

High Court of American Samoa
Trial Division

CA No. 45-87

May 21, 1987

Before KRUSE, Associate Justice.

Counsel: For Plaintiffs, Seigafolava R. Pene Pro Se
For Defendants, Enere H. Levi, Assistant
Attorney General

Defendants move for summary judgment on the basis of defective pleadings. We agree that the

plaintiff's pleadings are patently insufficient, but disagree that a T.C.R.C.P. Rule 56 motion for summary judgment is the proper device for punishing incoherent or unskillful pleading. Soley v. Star & Herald Co., 390 F.2d 364 (5th Cir. 1968); Season-All Industries Inc. v. Turkiye Sise Ve Cam Fabrikalari A.S., 425 F.2d 34 (3d Cir. 1970).

The motion would be more appropriately a T.C.R.C.P. Rule 12(b) motion to dismiss, and the fact that defendants have labeled the motion as one for summary judgment does not preclude the court from treating it as 12(b) motion when such an intent is clear from the moving papers. Williams v. Bridgestone Tire Co., 84 F.R.D. 19 (E.D. Tenn. 1979). In this matter, we are confronted with a pro se complaint seriously wanting in the minimal requirements of T.C.R.C.P. Rule 8 and defendants' motion essentially speaks to the complaint's failure to sufficiently state causes for which relief may be granted. In any event the court may invoke T.C.R.C.P. Rule 12b(6) on its own motion. Dodd v. Spokane County, 393 F.2d 330 (9th Cir. 1968); Gilland v. Hydes, 278 F. Supp. 189 (E.D. Tenn. 1967), and we do so in this matter primarily for the Court's understanding of the issues.

As far as the Court can gather from the complaint and the myriad exhibits filed by the plaintiff, the lawsuit originated after defendant ASPA disconnected or threatened to disconnect plaintiff's electricity because of the latter's alleged failure to settle a past account. Plaintiff in the course of the account dispute interposed an offset, claiming retroactively that ASPA ought to pay rent monies for past use of certain communal lands in Ofu, to which plaintiff claims an interest. Settlement negotiations, to plaintiff's despair, did not meet with his expectations and a suit arose. Inasmuch as we can gather on the pleadings, the complaint purports to be fourfold: an action for damaged office machines owing to power failures and surges; an action for damages for termination of plaintiff's electricity without supplying him ten days notice; an action for damages for alleged libel to his character when defendant Stanley, by letter to plaintiff, doubted the latter's credit standing; and finally, a demand or prayer for rent without an explanation why plaintiff feels he is entitled to such rent.

As to the damaged machines claim, the complaint sets out "how", but not "when" the alleged damage occurred for meaningful responsive

pleading, nor "why" plaintiff would be entitled to the relief sought.

On the libel action, plaintiff alludes to his name being damaged and references by incorporation a letter from defendant Stanley dated February 7, 1987, addressed to plaintiff. No publication is alleged. The offending language, in plaintiff's mind, is as follows: "However, I could discuss your credit rating with ASPA and it does not look good". This is essentially the basis for relief, although the complaint meanders on about "unethical practices contrary to courtesy and acceptable business practices," Complaint at 5, 1.2 et. seq., and reproduces verbatim the defamation enactment, A.S.C.A. § 43.5201. Conclusionary allegations may not be considered to support a claim for relief.

Plaintiff's claim for wrongful termination of electrical service is even more illusory. Plaintiff alleges a due process violation by defendants in failing to give him the ten-day statutory notice to cure, provided, presumably, under A.S.C.A. § 15.0202. On the other hand, his own complaint says otherwise.

Given the standard applicable in these motions to favorably view a pleading under Rule 12(b) attack, the referenced February 7, 1987 letter of defendant Stanley, incorporated by reference in the complaint, not only reminds plaintiff of a ten-day notice sent the day before but is itself notice sufficient to overcome any due process deficiencies, if indeed a due process claim is contextual.

The complaint will be dismissed, however, the court will exercise its discretion in favor of a dismissal without prejudice. See <u>Munz v. Par</u>, 758 F.2d 1254 (8th Cir. 1985).

Plaintiff will have ten days to refile a complaint outlining a recognized legal or equitable claim which sufficiently pinpoints the time, the place, and circumstances of the alleged occurence. The plaintiff is also directed to desist from cluttering the record with meaningless exhibits such as the attached, which is on file.

So ORDERED.

154

THIS YEAR

THE MANY LIVES OF PENEHOLO TAULAU:

Seigafolava  - Savai'i, Western Samoa

Ropati      - Tutuila, American Samoa

Robert (Bob)- Oregon, U.S.A.

Savalivali   - Honolulu, Hawaii

Kautoa       - Niue, South Pacific

TURN PRO.