ALLEN, Judge.
This case is before this court on an appeal from the Circuit Court of Broward County, in which the Circuit Judge held that the statute of limitations in a bastardy proceedings begins to run from the date of the birth of the child and not from the date of conception.
The Supreme Court of Florida in the case of Wall v. Johnson, Fla.1955, 78 So. 2d 371, determined that the three year statute of limitations as set forth in F.S.A. ■§ 95.11(5) (a) is applicable to bastardy proceedings since there is no direct statute with reference to such proceedings.
The attorneys representing each of the parties in this action state that they have found no case directly on point in Florida or elsewhere. Research on this question by this court also fails to find a case on point.
A lengthy annotation in 155 A.L.R., pages 27 through 44, discuss limitation of actions in relation to bastardy proceedings. This annotation divulges that a large number of bastardy statutes specifically provide for the limitation of the action, while other states, such as Florida, have determined that the general statute of limitations would be applicable to such proceedings. Practically all of these statutes hold that the limitation of action begins to run from the date of the birth of the child. The states in which there are limitation statutes specifically applicable to bastardy proceedings appear to be Alabama, Arizona, District of Columbia,' Hawaii, Illinois, Indiana, Kansas, New Plampshire, New York, North Carolina, Pennsylvania, West Virginia, England and Canada. Annotation, 155 A. L.R. 27, 33 (1945). It is worth noting historically that each of these states provides for the limitation of the statute to begin running after the birth of the child. The lower court held that the statute began to run from the date of the birth of the child. We think logically and historically that the lower court was correct.
The decree of the Chancellor is affirmed.
KANNER, C. J., and PLEUS, J., concur.