McCORD, Chief Judge.
This is an interlocutory appeal from an order of the trial court denying a motion to dismiss appellee’s second amended complaint. By his motion to dismiss, he contended that he is residing outside the State of Florida and has been continuously residing in Alameda, California; that appellee failed to allege sufficient jurisdictional facts to bring appellant within the jurisdiction of the Florida courts.
This is a paternity suit brought under Chapter 742, Florida Statutes (1977), seeking to establish that appellant is the father of the child of Dianna Lynn Hull and seeking an order requiring appellant to support *678 the child. The action was begun by filing a complaint on July 20, 1977. The amended complaint alleges that on or about May 1, 1976, in Jacksonville, Duval County, Florida, appellant and Hull lived together as husband and wife for a period of four to five months, became intimate with each other, had sexual intercourse with each other in Jacksonville, Duval County, Florida, and as a result of this sexual intercourse, Hull has been delivered of a child born February 1, 1977; that appellant was stationed in the U.S. Navy in Jacksonville, Florida, at the time of the sexual intercourse.
Appellant was personally served with process pursuant to § 48.193, Fla.Stat. (1977), which provides in pertinent part as follows:
“(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(a) * * *
(b) * * *
(c) * * *
(d) * * *
(e) With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. . . . ”
Appellant contends that § 48.193(l)(e) does not reach appellant because this is a suit to establish paternity and is not an independent action for support of dependents; that it is a two-stage proceeding in which there must first be a determination of paternity before there can be a decision as to the amount of support to be paid by the father. We disagree that jurisdiction of the court has not been acquired over appellant. This suit is one to establish both paternity and support. It is an “independent action for support of dependents.” That phrase is used in the statute to distinguish an action such as this from an action “with respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage.” While this suit is an action to determine paternity, it is also an action for support of a dependent. § 742.10 provides as follows:
“This chapter shall be in lieu of any other proceedings provided by law for the determination of paternity and support of children born out of wedlock.” (Emphasis supplied.)
AFFIRMED.
MELVIN and BOOTH, JJ., concur.