418 So.2d 422 (1982)
John Baugh BELL, Appellant,
v.
Vivien Joy TUFFNELL, Appellee.
No. AI-49.
District Court of Appeal of Florida, First District.
August 23, 1982.
Ralph D. Golden, Memphis, Tenn., for appellant.
Michael T. Webster of Selby, Chesser, Wingard & Barr, Fort Walton Beach, for appellee.
McCORD, Judge.
Appellant, a resident of Tennessee, appeals the trial court's denial of his motion to dismiss, contending that the trial court does not have jurisdiction over him in this paternity action pursuant to the Florida Long Arm Statute. We affirm.
Appellee brought this paternity action seeking support for her child and alleging that appellant is the father of the child. *423 Appellee and the child are residents of Florida. Appellant has never been a Florida resident, but the complaint alleges that the act of siring the child occurred in Florida.
The applicable portion of the Florida Long Arm Statute, Section 48.193(1)(b), provides as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
(b) commits a tortious act within this state.
Appellant contends that to find that section applicable to him, the court must rule that the act of sexual intercourse between consenting adults is a commission of a tortious act. Appellant points out that some states have declined to extend similar Long Arm statutes to reach nonresident defendants in paternity suits, holding that sexual intercourse between consenting adults is not a tortious act. State ex rel. Larimore v. Snyder, 206 Neb. 64, 291 N.W.2d 241 (1980); A.R.B. v. G.L.P., 180 Colo. 439, 507 P.2d 468 (1973). In those cases, the courts declared that the duty to support an alleged child is only an ancillary issue in a paternity action. To the contrary, however, other jurisdictions have held that in a paternity case, the alleged failure by a putative father to fulfill the duty of support is alone sufficient to constitute a tortious act within the meaning of their Long Arm statutes, which are similar to the one in question. See Poindexter v. Willis, 87 Ill. App.2d 213, 231 N.E.2d 1 (1967); Gentry v. Davis, 512 S.W.2d 4 (Tenn. 1974); Nelson v. Nelson, 298 Minn. 438, 216 N.W.2d 140 (1974). We agree with the latter decisions and find that Section 48.193(1)(b), Florida Statutes, brings appellant within the jurisdiction of the trial court in this action.
Appellant argues that liability for support is not the primary issue in a paternity suit but is merely the second step in a paternity determination. However, in Estanislao v. State, Dept. of HRS, 368 So.2d 677 (Fla. 1st DCA 1979), this Court rejected the similar contention of that appellant. We ruled that the suit was one to establish both paternity and support and is an "independent action for support of dependents" within the meaning of Section 48.193(1)(e), Florida Statutes.
AFFIRMED.
ERVIN and JOANOS, JJ., concur.