435 So.2d 367 (1983)
Kathleen R. GIOIA, Mickey Gioia, Kathy Gioia and Pat Gioia, Appellants,
v.
Anthony A. GIOIA, Appellee.
No. 83-106.
District Court of Appeal of Florida, Fourth District.
July 27, 1983.
Karen Coolman Amlong of Holmes & Amlong, P.A., Fort Lauderdale, for appellants.
James E. Zloch of Patterson & Maloney, Fort Lauderdale, for appellee.
PER CURIAM.
We affirm the order of the trial court granting the appellee's motion to dismiss for lack of jurisdiction. See Kulko v. Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Under Kulko we do not believe a non-resident father's liability for past due child support under a foreign decree of divorce to adult children who now reside in Florida constitutes sufficient contact with the state to justify the exercise of personal jurisdiction over the father. The father's unsuccessful prosecution of a child custody suit in Florida in 1967 does not constitute sufficient additional contact to satisfy Kulko's due process requirements. But see Bell v. Tuffnell, 418 So.2d 422 (Fla. 1st DCA 1982), which holds that the failure of an unwed father of a child residing in Florida to pay support constitutes a tortious act for purposes of invoking jurisdiction over the father. In Bell it was alleged that the child was conceived in Florida and that the mother and child resided here. We think those facts, while apparently not critical to the First District's decision, distinguish that case from this one. We do not believe the Bell holding can be extended to cover the situation involved herein.[1] We *368 are bound by the decisions of the United States Supreme Court when those decisions invoke a provision of the United States Constitution. Such is the case here where the due process provisions of the Constitution form the basis of the Kulko decision.
ANSTEAD, C.J., and GLICKSTEIN and HURLEY, JJ., concur.
NOTES
[1] We note that appellants are not without a viable remedy. The Uniform Reciprocal Enforcement of Support Act (URESA) provides for payment of arrearages of support past due and unpaid. § 88.031(3) and § 88.111, Fla. Stat. (1981). The wife proceeded under URESA in 1974 to enforce the child support provisions of the couple's Texas divorce decree. She may now pursue an action under URESA to enforce the payment of arrearages that have accrued as a result of that order.