489 So.2d 1148 (1986)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, OFFICE OF CHILD SUPPORT ENFORCEMENT, ex rel. Mary Lisa LUKE, Appellants,
v.
Raymond Dell WRIGHT, Appellee.
No. 85-1952.
District Court of Appeal of Florida, Second District.
April 30, 1986.
Rehearing Denied June 24, 1986.
*1149 Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for appellants.
No appearance for appellee.
SCHOONOVER, Judge.
Appellant, State of Florida, Department of Health and Rehabilitative Services, Office of Child Support Enforcement, ex rel. Mary Lisa Luke, appeals from a final judgment dismissing a complaint to establish paternity and to obtain support for a child born out of wedlock. We find that the court properly dismissed the complaint for lack of jurisdiction over the person of the appellee, Raymond Dale Wright, II, and, accordingly, affirm.
Ms. Luke filed a paternity action against Mr. Wright, a nonresident of the state of Florida. The complaint, filed pursuant to Chapters 409 and 742, Florida Statutes (1983), sought a determination of paternity, reimbursement of certain prenatal expenses, and an award of child support and attorney fees. The complaint alleged that Ms. Luke, a resident of Hillsborough County, Florida, engaged in sexual intercourse with Mr. Wright in the state of Florida and as a result gave birth to Raymond Dale Wright Luke on August 26, 1984.
Mr. Wright filed a motion to dismiss on the ground that the trial court lacked personal jurisdiction over him. The court rejected Ms. Luke's contention that because the child was allegedly conceived in this state, the court could exercise jurisdiction over Mr. Wright pursuant to Florida's long-arm statute. The complaint was dismissed, and this appeal timely followed.
A paternity action is an action in personam and, absent a valid long-arm statute, a judgment in personam against a nonresident who does not enter a voluntary general appearance or otherwise waive personal service can only be predicated upon jurisdiction over the person acquired by personal service of process within the state of Florida. T.J.K. v. N.B., 237 So.2d 592 (Fla. 4th DCA 1970); see also, Wolfson v. Wolfson, 455 So.2d 577 (Fla. 4th DCA 1984). If Florida courts are to exercise long-arm jurisdiction over nonresidents in connection with paternity and child support claims, such jurisdiction can only be based upon section 48.193(1)(b) or section 48.193(1)(e), Florida Statutes (1983). These sections provide as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a *1150 natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
... .
(b) Commits a tortious act within this state.
... .
(e) With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
Because the complaint in this case did not allege that the parties maintained a matrimonial domicile in the state of Florida at the time the action was commenced, or that Mr. Wright resided in the state preceding commencement of the action, we find that section 48.193(1)(e) cannot be applied to obtain jurisdiction over Mr. Wright. For the reasons that follow, we also find that section 48.193(1)(b), which submits a person who commits a tortious act to jurisdiction, does not confer jurisdiction over Mr. Wright.
There is a split of authority among states that have considered this issue in connection with their long-arm statutes. In states that have asserted jurisdiction over nonresident putative fathers on the basis of tortious conduct, the courts have generally held that the tort involved is nonsupport of the child, not the act of conception.[1] See, e.g., Poindexter v. Willis, 87 Ill. App.2d 213, 231 N.E.2d 1 (1967); Black v. Rasile, 113 Mich. App. 601, 318 N.W.2d 475 (1980); State ex rel. Nelson v. Nelson, 298 Minn. 438, 216 N.W.2d 140 (1974); Moses v. Miller, 86 Wash.2d 712, 548 P.2d 542 (1976). In states that have refused to exercise such jurisdiction under their long-arm statutes, the courts have generally agreed that sexual intercourse between two consenting adults which results in the conception and birth of a child does not constitute the commission of a tortious act. Those courts have also held that failure to support an illegitimate child is not a tortious act until the relationship of father and child has been established by the father's acknowledgement of paternity or by a court's adjudication of paternity. See, e.g., Lightell v. Lightell, 394 So.2d 41 (Ala. Civ. App. 1981); A.R.B. v. G.L.P., 180 Colo. 439, 507 P.2d 468 (1973); State ex rel. Carrington v. Schutts, 217 Kan. 175, 535 P.2d 982 (1975); State ex rel. Larimore v. Snyder, 206 Neb. 64, 291 N.W.2d 241 (1980); Anonymous v. Anonymous, 104 Misc.2d 611, 428 N.Y.S.2d 608 (N.Y. Fam. Ct. 1980).
We agree with the latter line of cases which reason that failure to provide child support is only an ancillary issue in a paternity proceeding and that the first issue to be determined is whether the named defendant is the father of the child. In doing so, we disagree with the holding of the First District Court of Appeal in Bell v. Tuffnell, 418 So.2d 422 (1st DCA 1982), petition for review denied, 427 So.2d 736 (Fla. 1983).[2] A court cannot, as an initial *1151 matter, assume that a defendant is the father of a child so that it can adjudicate the matter of nonsupport, and upon finding nonsupport, use such "tortious" conduct as the basis of jurisdiction to adjudicate paternity. Until determination of parenthood has been made, a putative father owes no duty of support to his illegitimate child. See T.J.K. v. N.B.
The paternity statute was enacted in abrogation of the common law in order to relieve the public of the need to provide support for a child and in order to convert a father's moral obligation to provide child support into a legal obligation. Kendrick v. Everheart, 390 So.2d 53 (Fla. 1980); T.J.K. v. N.B. It is true that the determination of paternity is made only incidentally to enable achievement of the statute's purposes, Kendrick, but such a determination must be made before a court may proceed to determination of the support obligation. § 742.031, Fla. Stat. (1983).
We, accordingly, hold that neither a nonresident's act of sexual intercourse within the state of Florida resulting in conception of a child, nor the failure to support an illegitimate child prior to a determination of paternity, are tortious acts sufficient to confer jurisdiction under section 48.193(1)(b) of the Florida long-arm statute. See Hodge v. Maith, 435 So.2d 387 (Fla. 5th DCA 1983); contra, Bell. Such a holding does not result in placing the burden of child support upon the taxpayers of this state because the natural mother has a remedy under The Uniform Reciprocal Enforcement of Support Law, Chapter 88, Florida Statutes (1983). See People of State of Arkansas v. Smith, 398 So.2d 512 (Fla. 2d DCA 1981). The mother alternatively may litigate the matter in the state in which the nonresident putative father resides.
AFFIRMED.
DANAHY, A.C.J., and LEHAN, J., concur.
NOTES
[1] Some states have found jurisdiction under statutes that broadly grant jurisdiction on any basis not inconsistent with the Constitution. See, e.g., Gentry v. Davis, 512 S.W.2d 4 (Tenn. 1974); Larsen v. Scholl, 296 N.W.2d 785 (Iowa 1980).
[2] The court in Bell rejected such reasoning on the basis of the holding it reached in another case, Estanislao v. State, Dept. of HRS, 368 So.2d 677 (Fla. 1st DCA 1979), that "the suit was one to establish both paternity and support and is an `independent action for support of dependents' within the meaning of section 48.193(1)(e), Florida Statutes." In Estanislao, however, the putative father had resided in Florida preceding commencement of the action, and thus jurisdiction was properly exercised under section 48.193(1)(e). That section of the long-arm statute is separate and distinct from section 48.193(1)(b), which confers jurisdiction for tortious conduct, and which was the section under consideration by the court in Bell and is the section under consideration in this part of our decision. The putative father in Bell, moreover, had never been a resident of Florida and thus any application of section 48.193(1)(c) was improper.