PER CURIAM.
The question presented by this appeal is whether long-arm jurisdiction can be exercised in connection with paternity and child support claims against an out-of-state putative father. The First District in Bell v. Tuffnell, 418 So.2d 422 (Fla. 1st DCA 1982), rev. denied, 427 So.2d 736 (Fla.1983), concluded that such jurisdiction was possible. The Second District reached the opposite result in State, Dep’t of Health & Rehab. Servs. v. Wright, 489 So.2d 1148 (Fla. 2d DCA), rev. granted, No. 69,050 (Fla. Dec. 8, 1986).
These two cases are in direct conflict. We align ourselves with the well-reasoned opinion of the Second District in Wright and acknowledge direct conflict with the First District in Bell. There is no basis to conclude that consensual sex amounts to tortious activity. Accordingly, we hold that no tortious act has been committed which would confer jurisdiction under § 48.193(1)(b), Fla.Stat. (1983), nor was there an allegation that the defendant ever resided in Florida which would confer jurisdiction under § 48.193(1)(e), Fla.Stat. *472 (1983). The order of the trial court dismissing the action is affirmed.
Affirmed.