PER CURIAM.
Deborah Oldt appeals an order of the circuit court denying her motion to dismiss “a petition for determination of paternity filed by appellee Kenneth Sides. We have jurisdiction. Fla.App.P. 9.130(a)(3)(C)(i). We agree with Ms. Oldt that the circuit court lacked in personam jurisdiction, and reverse.
Ms. Oldt was at one time a resident of Hillsborough County, during which time the child who is the subject of Mr. Sides’s petition was conceived. Since March, 1988, however, she has resided continuously in North Carolina. Mr. Sides’s petition was not filed until 1989.
Mr. Sides’s claim of jurisdiction is based on section 48.193(l)(h), Florida Statutes (1989), which extends Florida’s long-arm jurisdiction, in paternity proceedings, to persons “engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.” This subsection became effective October 1, 1988, after the date Ms. Oldt relocated to North Carolina but before the birth of the child. See Ch. 88-176, § 3, Laws of Fla.
Amendments or additions to the long-arm statute will not be applied retroactively unless the legislature specifically so provides. AB CTC v. Morejon, 324 So.2d 625 (Fla.1975); American Motors Corp. v. Abrahantes, 474 So.2d 271 (Fla. 3d DCA 1985). No such provision surrounds the particular subsection relied upon by Mr. Sides.[1] Inherent in the concept of proper long-arm jurisdiction is that a person is thereby placed on notice that, by doing business or performing certain acts within a given jurisdiction, he or she might reasonably anticipate being subject to suit there. See World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). At the time Ms. Oldt’s child was conceived, there was no statutory or common law basis for her to have expected that conception might at a later date require her return to Florida to defend an action by the putative father.[2]
*442 The principal authority cited to this court by Mr. Sides is Keiser v. Love, 98 So.2d 381 (Fla. 2d DCA 1957), wherein this court held that the statute of limitations in a “bastardy” proceeding ran from the date of the child’s birth, not conception. By analogy, Mr. Sides reasons that his cause of action did not accrue until Ms. Oldt’s child was born, by which time the 1988 amendment to section 48.193 had gone into effect. However, this case is not about whether Mr. Sides may have a cause of action against Ms. Oldt. While he may indeed have a basis to petition, such a cause of action must be pursued with regard for the due process rights of the respondent.
The order of the circuit court under review is reversed and this case is remanded with instructions to dismiss Mr. Sides’s petition for determination of paternity.
CAMPBELL, A.C.J., and LEHAN and THREADGILL, JJ., concur.

. Our research reveals only one published decision mentioning subsection (1)(h). Larson-Jackson v. Neal, 551 So.2d 567 (Fla. 4th DCA 1989), rev. denied, 563 So.2d 632 (Fla.1990). While this very brief opinion suggests a retroactive application of the statute, we cannot determine whether this is in fact what occurred, and we note that Judge Anstead, dissenting, expressed his preference that the parties receive an opportunity to brief the issue of whether subsection (1)(h) was applicable.

. In Bell v. Tuffnell, 418 So.2d 422 (Fla. 1st DCA 1982), rev. denied, 427 So.2d 736 (Fla.1983), jurisdiction was conferred over the nonresident father of a child conceived in Florida by virtue of § 48.193(1)(b), which covers "tortious acts" committed within this state. Though pausing to consider whether "the act of sexual intercourse between consenting adults" could in and of itself constitute a tort, 418 So.2d at 423, the court ultimately found tortious conduct in the failure to support a child the appellant had fathered. See, e.g., Poindexter v. Willis, 87 Ill.App.2d 213, 231 N.E.2d 1 (1967); contra, State ex rel. Larimore v. Snyder, 206 Neb. 64, 291 N.W.2d 241 (1980). This court expressed disagreement with Bell in Department of Health and Rehabilitative Services v. Wright, 489 So.2d 1148 (Fla. 2d DCA 1986), thereby affording the supreme court a basis for accepting jurisdiction. The supreme court ultimately approved our conclusion that nonsupport is only a matter ancillary to and following from the main issue in a paternity action, i.e., whether the respondent is the father of the child. 522 So.2d 838 (Fla.1988). Even Justice Kogan, dissenting in Wright on the basis of his belief that § 409.2551, Fla.Stat. (1985), vested litigation rights in the child, conceded *442 that there exists no common law tort of nonsupport. 522 So.2d at 841.