KLEIN, J.
The Uniform Child Custody Jurisdiction Act (UCCJA) gives Florida courts personal jurisdiction over a nonresident parent to establish, enforce or modify child support orders, if the child resides in Florida “as a result of the acts or directives” of the nonresident parent. The issue in this case is whether the nonresident father, who merely acquiesced in his daughter residing in Florida, is subject to personal jurisdiction. We conclude he is not.
The father and mother were divorced in California in 1985, when the child was two, and, he paid child support, but had no child visitation since 1988. In the 1990’s the child and her mother moved in with the child’s grandmother in Florida. The mother died in 1999 and, when the father learned about it, he terminated child support payments.
The grandmother then filed this suit in Florida to domesticate the California dissolution judgment, and the father moved to dismiss on the ground that Florida had no personal jurisdiction over him. In opposition, the grandmother filed an affidavit stating that after the mother’s death the father telephoned her and advised her that the child would continue to live with her in Florida but that he would not pay child support. The father’s affidavit acknowledged the telephone conversation with the grandmother but denied that he stated that his daughter would continue to reside with her or that he would not pay child support. He further stated that his child, with the agreement of the grandmother, refused to have contact with him.
The trial court, without holding an evi-dentiary hearing to resolve the factual disputes, concluded that the father’s failure to pay child support and his “decision to leave the child” in Florida subjected him to personal jurisdiction under the UCCJA, section 88.2011(5), Florida Statutes (2000). It provides that Florida may exercise personal jurisdiction over a nonresident for purposes of child support if the child resides in Florida “as a result of the acts or directives” of the nonresident. The trial court also held that refusing to pay child support was a tortious act which would give Florida personal jurisdiction under section 48.193(l)(b).
Although the grandmother prevailed on the issues of jurisdiction and enforcement, she has appealed the trial court’s order awarding her only a portion of the attorney’s fees she incurred. The father cross-appeals, asserting no personal jurisdiction. Because we find that there was no personal jurisdiction we need not address the order awarding attorney’s fees except to vacate it.
Accepting the facts alleged in the grandmother’s affidavit pertaining to personal jurisdiction as true, we conclude that Florida does not have personal jurisdiction over the father. We cannot agree with the grandmother that this child was residing in Florida as a result of the father’s “acts or directive.” If we were to hold that the father’s mere acquiescence in the child remaining in Florida would subject him to personal jurisdiction, it would violate the due process clause of the Fourteenth Amendment which requires minimum contacts. Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d *381 132 (1978)(a nonresident father was not subject to personal jurisdiction in California, in order to establish a foreign judgment of divorce, merely because he consented to the mother and children moving to California).
Nor can we agree that the father committed a “tortious act” in Florida under our long-arm statute section 48.193(l)(b). The closest case relied on to support the proposition that the father committed a tortious act is Bell v. Tuffnell, 418 So.2d 422 (Fla. 1st DCA 1982). In that case it was alleged that the nonresident father impregnated a Florida resident in Florida and refused to pay child support. The first district held that the father was subject to long-arm jurisdiction, based on cases from other states holding that failure to pay support in a paternity case is a tortious act within the meaning of similar long-arm statutes.[1] We need not decide whether we agree with Bell because it is distinguishable factually in that the father in Bell was in Florida when the child was conceived. If he had not been in Florida, the case would have been indistinguishable from Kulko.
We therefore reverse for entry of an order dismissing for lack of personal jurisdiction.
GROSS and TAYLOR, JJ. concur.

. Bell was not followed in Department of Health & Rehabilitative Services v. Wright, 489 So.2d 1148 (Fla. 2d DCA 1986) and the Florida Supreme Court approved Wright in Dept. of Health & Rehabilitative Services v. Wright, 522 So.2d 838 (Fla.1988).