Joseph L. POSTELL, Appellant,

v.

The TEXAS DEPARTMENT OF PUBLIC WELFARE, Appellee.

No. 17798.

Court of Civil Appeals of Texas, Fort Worth.

March 25, 1977.

Rehearing Denied April 22, 1977.

Law Offices of Troy Douthitt, Jr., and James Q. Smith and Wm. H. Harris, Wichita Falls, for appellant.

Bill J. Ballard, Wichita Falls, for appellee.

## OPINION

HUGHES, Associate Justice.

Joseph L. Postell petitions for writ of error from the trial court's order overruling his motion to vacate a void decree in a paternity and child support action in favor of the Texas Department of Public Welfare. The default decree which Postell attacks was based upon substituted service of process upon the Secretary of State of Texas pursuant to Texas' "long-arm statute," Tex. Rev.Civ.Stat.Ann. art. 2031b (1964). This statute permits the exercise of personal jurisdiction over nonresidents committing any tort in this state. Postell argues that the trial court lacked jurisdiction to render the decree and that the attorney for Welfare lacked authority to bring the action.

We reverse and render.

Welfare brought this action against Postell in the "Aid to Families with Dependent Children" program with an assignment of rights by the child's mother pursuant to Tex.Rev.Civ.Stat.Ann. art. 695c § 18–B (Supp.1976–77) and 42 U.S.C. § 602 (Supp. 1976). The default decree was rendered before the effective date of the new long-arm statute for suits affecting the parent-child relationship and the new provision for actions to determine paternity. Tex. Family Code Ann. §§ 11.051, 13.01 (Supp.1976–77).

The trial court signed the default decree on January 17, 1975, therein declaring Postell the father of child born out of wedlock in November 1969. The decree ordered Postell to pay to Welfare $60.00 per month for support of the child, $5,588.00 already expended by Welfare plus interest, and $150.00 for legal services rendered.

The return on the citation indicates that copies of the citation and petition were delivered to the Secretary of State of Texas as Postell's agent for service of process.

The transcript contains a certificate of the Secretary of State which shows that copies of the citation and petition were forwarded to Postell on December 10, 1974, at Chanute Air Force Base, Illinois, pursuant to Tex. Rev.Civ.Stat.Ann. art. 2031b. The certificate was not filed until January 22, 1975, after the decree had already been rendered.

On April 1, 1976, Postell filed, in the same numbered action, a "Motion to Vacate Void Judgment and Set Aside Orders." In this motion, Postell alleged that he was a resident of Elemdorf Air Force Base, Alaska, and that substituted service upon the Secretary of State was void. He argued that art. 2031b applies to torts committed in Texas and not to paternity and child support actions. Postell alleged the following meritorious defenses were available to him when the judgment was entered: (1) There was no statute in Texas to permit paternity suits at date of judgment and such an action was unknown at common law; (2) Postell could have used pretrial proceedings and discovery to obtain blood-type evidence; (3) Postell could have determined access to the mother and adduced medical evidence of date of conception; and (4) If the suit were then pending, it would be barred by Tex. Family Code Ann. § 13.01 because the child was more than one year old.

The court overruled the motion to vacate. Postell filed his Petition for Writ of Error.

Welfare contends that, under Tex.R. Civ.P. 329b(5), a bill of review is the only method of attack open to Postell, since over a year had passed since the judgment was rendered. Welfare argues that Postell's motion may not be deemed a bill of review because it was not filed as a separate action.

We disagree. Despite its designation, Postell's "Motion to Vacate Void Judgment and Set Aside Orders" is in the nature of a bill of review, directly attacking the default decree. Although a bill of review ". . . is a separate suit and should be given a new docket number . . . it will not be dismissed, *assuming its allega-*

*tions are otherwise sufficient,* if it is given the number of the action in which the judgment was rendered and is mistakenly . . given [an] improper label." 4 R. McDonald, Texas Civil Practice § 18.24 (1971 rev.). In such a situation the trial court should transfer it to an independent position on the docket. *Langford v. Douglas,* 359 S.W.2d 951 (Tex.Civ.App.—Beaumont 1962, no writt).

■ Welfare argues that Postell's pleadings failed to meet the requirements for a bill of review, contending that Postell did not plead and prove by prima facie evidence facts which in law would constitute a meritorious defense. To support this position Welfare cites *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966); *Griffin v. Duty,* 286 S.W.2d 229 (Tex.Civ.App.—Galveston 1956, no writ); and *Montgomery v. Carlton,* 56 Tex. 431 (1882).

In *Deen v. Deen,* 530 S.W.2d 913 (Tex. Civ.App.—Fort Worth 1975, no writ) this court held that Tex.R.Civ.P. 329b could not constitutionally be construed to require a direct attack on a judgment void for want of personal jurisdiction to meet the requirements of an equitable bill of review and that it was only necessary to show the judgment void for lack of jurisdiction over the person. The rules of equity, which would require a showing of a meritorious defense under *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950), are inapplicable to an attack on a void judgment. We find it unnecessary to examine and consider that portion of Postell's pleadings in which he alleges certain "meritorious defenses."

■ Postell contends, in his first point of error, that the judgment is void because the record does not reflect that he was amenable to process under Tex.Rev.Civ.Stat.Ann. art. 2031b as required by *Whitney v. L & L Realty Corporation,* 500 S.W.2d 94, 95–6 (Tex.1973). We agree. Welfare has alleged that, while in Texas, Postell fathered a child born out of wedlock; that he failed to support the child; that fornication was a misdemeanor at the time of the child's conception under former Tex. Penal Code § 503. Welfare argues that it has thus alleged that Postell committed a tort in Texas, rendering him amenable to service of process under Texas' long-arm statute, Tex.Rev.Civ.Stat.Ann. art. 2031b.

As more fully discussed in a companion case also decided this date, there is a split of authority as to whether an action to determine paternity and obtain child support is a tort action. See *Taylor v. Texas Department of Public Welfare,* 549 S.W.2d 422 (Tex.Civ.App.—Fort Worth 1977). We prefer the reasoning of *A.R.B. v. G.L.P.,* 180 Colo. 439, 507 P.2d 468 (1973) which held that sexual intercourse between consenting adults is not a tort and did not constitute a basis for the exercise of personal jurisdiction in a paternity and child support action under the "tortious act" language of Colorado's long-arm statute. We conclude that Welfare's pleadings did not allege facts which, if true, would constitute a tort and render Postell amenable to service of process under art. 2031b. The record does not contain the showing necessary, under *Whitney, supra,* to support the default judgment upon substituted service. We sustain Postell's first point of error.

We find it unnecessary to reach the additional question posed by the argument under Postell's first point that the judgment is also void as a substantive matter. (The theory advanced by Postell is that the common law did not provide for an involuntary determination of paternity.)

■ In his second point, Postell attacks the authority of Welfare's attorney to initiate and prosecute this claim on Welfare's behalf. Postell asserts that this case presents a violation of Tex.Const. art. V § 21 which provides that ". . . The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties . . ."

We overrule Postell's second point. He failed to present a sworn written motion challenging the attorney's authority as required by Tex.R.Civ.P. 12. *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760 (1942); *City of Grand Prairie v. Finch,* 294 S.W.2d 851 (Tex.Civ.App.—Dallas 1956, no writ).

Judgment of the trial court is reversed with judgment here rendered vacating the void paternity and child support decree.