In the Matter of G R J, Jr., a child, Appellant,

v.

The STATE of Texas, Appellee.

No. A2104.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 1, 1979.

D. Brooks Cofer, Jr., Cofer & Van Overbeek, Bryan, for appellant.

Sarah Ryan, Child Services Atty., Bryan, Travis B. Bryan, III, Dist. Atty., W. W. Torrey, Asst. Dist. Atty., Bryan, for appellee.

Before MILLER, PAUL PRESSLER and SALAZAR, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an order of the County Court at Law of Brazos County in which the court waived its jurisdiction over the subject juvenile (appellant) and certified such individual to stand trial in the appropriate state criminal district court. Appellant is charged with aggravated rape. Appellant has perfected this appeal from the ruling of the county court.

■ The appeal before us alleges three points of error. Appellant first argues that the county court erred in denying his motion to disqualify the state's attorney whom he alleged was acting in violation of the Texas Constitution by reason of the fact that the state's attorney, while employed in her capacity as the juvenile prosecutor on this case, was also a lecturer at Texas A & M University. This point of error is overruled. Appellant failed to present a sworn written motion contesting the state's attorney's authority as required by Tex.R.Civ.P. 12, and is thus now barred from so contending. *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760 (1942); *Postell v. Texas Department of Public Welfare*, 549 S.W.2d 425 (Tex.Civ.App.—Fort Worth 1977, no writ); *Taylor v. Texas Department of Public Welfare*, 549 S.W.2d 422 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n. r. e.).

■ Appellant further contends that the trial court erred in admitting one of the state's exhibits in violation of section 54.02, Tex.Family Code Ann. (1975). Section 54.-02(e) provides that:

At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. At least one day prior to the transfer hearing, the court shall provide the attorney for the child with access to all written matter to be considered by the court in making the transfer decision.

The exhibit in issue is state's exhibit two, which is a psychological evaluation report of appellant by Lynn Weems. The evaluation is dated December 15, 1978, and was filed with the county court on December 20, 1978. On the first day of the transfer hearing, January 22, 1979, appellant's attorney admitted that he had received a copy of the psychological evaluation report prior to December 28, 1978. Such testimony indicates compliance with section 54.02(e). Further, at the time of the January 22, 1979, hearing, appellant objected to the admission of the report alleging that the state had not complied with the one-day requirement of section 54.02. In order to insure compliance with such section, the county court recessed for two days in order to allow appellant's attorney to review the report. Based upon these facts appellant's second point of error is overruled.

■ Finally, appellant urges before this court that there was insufficient evidence presented at the transfer hearing to support the findings and order of the county court. We have reviewed the entire record and find that sufficient evidence existed to support the county court's judgment waiving jurisdiction over the appellant.

The ruling of the trial court is affirmed.