

IN THE
TENTH COURT OF APPEALS

————————

No. 10-16-00374-CV

IN RE MID-CENTURY INSURANCE COMPANY

————————

Original Proceeding

## O P I N I O N

Mid-Century Insurance Company has filed a petition for a writ of mandamus to compel the trial court to withdraw an order overruling its claims of work product privilege to certain documents in its claims file relating to its insured, Monica Cobb. Cobb filed a notice of intent to take a written deposition of the custodian of records for Mid-Century which included a subpoena duces tecum requiring the production of its entire claims file. Cobb asserted an underinsured motorist claim (UIM) against Mid-Century and had added claims for extra-contractual damages for bad faith. Mid-Century filed a motion to quash the deposition on the basis that the documents now in question sought

by Cobb were privileged work product.[1]

The trial court conducted a hearing on Mid-Century's objections and assertion of privilege. Mid-Century filed an affidavit by a claims adjuster and provided the trial court with a privilege log prior to the hearing, and asked the trial court to review the documents in-camera. The trial court conducted an in-camera inspection of the documents in question and overruled Mid-Century's assertions of work product privilege. Mid-Century filed this mandamus proceeding to seek an order requiring the trial court to withdraw its order overruling its assertions of work product privilege.

STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law

---

[1] Before the trial court, Mid-Century objected to the production of other parts of its claims file on the basis of the attorney-client privilege. Those objections were sustained, and although they are listed in the original privilege log filed with this Court in the original mandamus petition, those documents are not before us in this proceeding. Additionally, this Court abated the mandamus for Mid-Century to provide a specific log and notebook of the corresponding documents to the trial court and ordered the trial court to identify the specific documents in question to be forwarded to this Court. The trial court entered an order entitled "Order Reviewing Relator's Notebook Containing In Camera Documents" which attached the first amended privilege log with the trial court's rulings which was submitted to this Court after the abatement. The first amended privilege log reduced the number of documents in question in this proceeding. For purposes of identification for the parties, our review is based on the first amended privilege log and corresponding notebook that contained the sealed documents reviewed by the trial court in camera that was filed with this Court on February 22, 2017.

correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The scope of discovery is within the discretion of the trial court. *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 698 (Tex. 2015) (orig. proceeding). Appeal is not an adequate remedy when the trial court has erroneously ordered the production of privileged documents. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding).

## WORK PRODUCT PRIVILEGE

The work product privilege protects communications "made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents." TEX. R. CIV. P. 192.5(a)(2). The work product privilege is not necessarily specific to the claim for which it is sought, but is specific for the claim for which it was created. Once it is created as work product in relation to a claim, it remains work product and protected by a privilege from disclosure from any claim, subject only to limited exceptions such as waiver. In this mandamus proceeding, Mid-Century complains that the trial court abused its discretion by overruling its claims of work product privilege.

## ASSERTION OF THE PRIVILEGE

A party who seeks to withhold items from discovery on the basis that the documents are privileged must make a prima facie showing that the documents are

subject to the privilege asserted. *In re E. I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding). Generally, this prima facie showing is made by serving a privilege log identifying the withheld documents and, if a hearing is held, by presenting evidence supporting the privilege. *See In re Maher*, 143 S.W.3d 907, 913 (Tex. App.—Fort Worth 2004, orig. proceeding); *In re Monsanto Co.*, 998 S.W.2d 917, 924 (Tex. App.—Waco 1999, orig. proceeding). The evidentiary requirement may be satisfied by the documents themselves. *See DuPont*, 136 S.W.3d at 223. Cobb argues that Mid-Century did not timely make a prima facie case for the privileges asserted because the privilege log and affidavit were inadequate and therefore, all asserted privileges were waived.

Mid-Century provided a privilege log prior to the hearing regarding the asserted privileges and the trial court conducted an in-camera inspection of all of the documents Mid-Century asserted were privileged. We find that the privileges were not waived because the documents themselves, taken with the affidavit of the claims adjuster, were adequate to make the required prima facie showing. *DuPont*, 136 S.W.3d at 223.

## CORE VERSUS NON-CORE WORK PRODUCT

"Core work product" made in anticipation of litigation includes "the work product of an attorney or an attorney's representative that contains the attorney's or the attorney's representative's mental impressions, opinion, conclusions, or legal theories" and is not subject to discovery. TEX. R. CIV. P. 192.5(b)(1). Work product not qualifying as "core" made in anticipation of litigation is discoverable only when the party seeking the material

has demonstrated a substantial need for it and that a substantial equivalent cannot be obtained by other means without encountering undue hardship. TEX. R. CIV. P. 192.5(b)(2).

An investigation is conducted in anticipation of litigation if it meets the two-prong test of *Flores* which includes both an objective prong and a subjective prong. *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 40-41 (Tex. 1989). Specifically, an investigation is conducted in anticipation of litigation if (1) "a reasonable person would have concluded from the totality of the circumstances surrounding the investigation that there was a substantial chance that litigation would ensue" (the objective prong); and (2) "the party resisting discovery believed in good faith that there was a substantial chance that litigation would ensue and conducted the investigation for the purpose of preparing for such litigation" (the subjective prong). *Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 207 (Tex. 1993). A "substantial chance of litigation" does not "refer to any particular statistical probability that litigation will occur" but "simply means that litigation is more than merely an abstract possibility or unwarranted fear." *Id*. at 204. The Texas Supreme Court rejected the proposition "that the circumstances surrounding an accident can never by themselves be sufficient to trigger the privilege." *Id*. "If a reasonable person would conclude from the severity of the accident and the other circumstances surrounding it that there was a substantial chance that litigation would ensue, then the objective prong . . . is satisfied." *Id*. "It is not necessary that litigation be threatened or imminent, as long

as the prospect of litigation is identifiable because of claims that have already arisen." *Id*. at 205. Nor is it necessary for the plaintiff to have manifested an intent to sue. *Id*. at 204.

The subjective prong does not require the investigating party to be absolutely convinced that litigation will occur; it requires only a good faith belief that there is a substantial chance that litigation will ensue. *Brotherton*, 851 S.W.2d at 204. The subjective prong also "requires that the investigation actually be conducted for the purpose of preparing for litigation." *Id*. However, the language of Rule 192.5 does not require that the sole or primary purpose of the material or communication be for preparing for litigation. *See* TEX. R. CIV. P. 192.5.

An affidavit made by a claims adjuster for Farmers Insurance Exchange[2] in June of 2016 stated that Farmers opened a claim file relating to Cobb upon receiving a letter from Cobb's attorney in March of 2010 regarding a claim for personal injury damages sustained in the accident relevant to this proceeding. The letter was the first notification of the accident that was received by Farmers. The adjuster stated that because of this communication, based on her many years of training and experience, it was likely that litigation was forthcoming as of that date. Further, the adjuster testified that all communications made in the case from that time were made for the purposes of evaluating the claims in anticipation of litigation. Our review of the documents in question confirm the adjuster's statements regarding the communications in the claims

---

[2] Farmers Insurance Exchange is authorized to adjust claims on behalf of Mid-Century Insurance Company.

file and relating to the potential for an UIM claim. We find that the documents requested meet both prongs of *Flores*, and as such, the documents meet the definition of work product. TEX. R. CIV. P. 192.5(a)(2); *see also Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 207 (Tex. 1993).

Cobb argues that if the documents are work product, they are non-core work product and therefore, the documents should be produced because she has substantial need of the materials in the preparation of her case and that she is unable, without undue hardship, to obtain the substantial equivalent of the material by other means. TEX. R. CIV. P. 192.5(b)(2).

A party seeking to obtain documents through this exception bears a heavy burden to prove its applicability. *In re Bexar Cnty. Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 187-88 (Tex. 2007) (orig. proceeding). Improving Cobb's odds of winning is not enough; substantial need is not merely substantial desire. *Id.* at 188. As the party seeking discovery of non-core work product, Cobb labors under a heavy burden to show both that a substantial need for the materials exists and that materials equivalent to those sought cannot be obtained without substantial hardship. *In re Small*, 346 S.W.3d 657, 668 (Tex. App.—El Paso 2009, orig. proceeding); *In re McDaniel*, No. 14-13-00127-CV, 2013 Tex. App. LEXIS 4052, 2013 WL 1279454, at *3 (Tex. App.—Houston [14th Dist.] Mar. 28, 2013, orig. proceeding) (mem. op.). Additionally, a "substantial need" is not established by evidence that Cobb could not prove her cause of action without the materials. *In re*

*Bexar County Crim. Dist. Atty's Office*, 224 S.W.3d at 188.

While Cobb argues that she has a substantial need for the privileged documents, she has not met her "heavy burden" to prove that the work product privilege should be overcome. Cobb argued to the trial court that she would be unable to prove her bad faith claims against Mid-Century without the materials but did not attempt to show that there was no other alternative method for her to prepare her case. Because Cobb did not meet her burden, there was no proper basis for the trial court to overrule Mid-Century's assertion of work product privilege for the documents in question.

We find that the trial court abused its discretion in overruling Mid-Century's assertions of work product privilege surrounding the documents listed in the amended privilege log provided to this Court. Because Mid-Century has no adequate remedy at law, we conditionally grant the relief requested. The writ will issue only if the trial court fails to comply with the Court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Writ conditionally granted
Opinion delivered and filed October 25, 2017
    As a Memorandum Opinion and
    Reissued as an Opinion December 6, 2017
[CV06]

