

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-19-00001-CV**

**IN RE CANDICE MCCOMB,**
**AS INDEPENDENT ADMINISTRATRIX OF THE**
**ESTATE OF CORY DELANE STEWART**

_____

**Original Proceeding**

_____

## MEMORANDUM  OPINION

On January 3, 2019, Relator, Candice McComb, as Independent Administratrix of the Estate of Cory DeLane Stewart, filed a Petition for Writ of Mandamus asking this Court to direct the Respondent, Judge Justin Lewis, to dismiss the Counter-Application to Determine Heirship and the Counter-Application for Letters of Dependent Administration, filed by Real Party in Interest, Melissa Adair-Stewart, for lack of jurisdiction.  We deny the Petition for Writ of Mandamus.

## BACKGROUND FACTS

Cory DeLane Stewart died intestate on November 4, 2014. On November 13, 2014, Candice McComb filed an Application for Letters of Independent Administration and Determination of Heirship. The Application included the names of Cory Stewart's children, McComb and Michael Stewart as heirs. The Application requested that citation be issued as required by law and that an attorney ad litem be appointed to represent any unknown heirs.

On December 3, 2014, the trial court signed a Judgment Declaring Heirship and found that McComb and Michael Stewart were each entitled to a fifty percent share of Cory Stewart's real property and personal property. On December 1, 2016, Melissa Adair-Stewart filed a Counter-Application to Determine Heirship and a Counter-Application for Letters of Dependent Administration claiming she is the surviving spouse of Cory Stewart. McComb filed a motion to dismiss both of the Counter-Applications for lack of jurisdiction. The trial court denied the motion and set the case for trial on February 4, 2019. On January 9, 2019, this Court granted McComb's unopposed motion to stay the February 4 trial setting and requested a response from Adair-Stewart. Adair-Stewart filed a response on January 30, 2019.

## STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re*

*Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Mid-Century Insurance Company*, 549 S.W.3d 730, 733 (Tex. App.—Waco 2017, no pet.). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *In re Mid-Century Insurance Company*, 549 S.W.3d at 733.

### ANALYSIS

McComb's argues that the trial court did not have jurisdiction to consider the motions filed by Adair-Stewart and that the motions filed by Adair-Stewart do not qualify as a Bill of Review. The Order Granting Letters of Independent Administration entered on December 3, 2014 was a final appealable order. TEX. ESTATES CODE ANN. § 32.001 (c) (West 2014). There was no appeal from the December 3 Order and there was no motion for new trial or a motion to modify, correct, or reform the judgment filed. Therefore, the trial court's plenary jurisdiction expired thirty days from the date of the December 3 Order. *See* TEX. R. CIV. P. 329b.

On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law. TEX. R. CIV. P. 329b (f). A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to

challenge by a motion for new trial. *Wembley Investment Company. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999).

The Texas Estates Code provides:

> If an heir of a decedent who is the subject of a proceeding to declare heirship is not served with citation by registered or certified mail or personal service in the proceeding, the heir may:
>> (1) have the judgment in the proceeding corrected by bill of review:
>> (A) at any time, but not later than the fourth anniversary of the date of the judgment;  or
>> (B) after the passage of any length of time, on proof of actual fraud; and
>> (2) recover the heir's just share of the property or the value of that share from:
>> (A) the heirs named in the judgment;  and
>> (B) those who claim under the heirs named in the judgment and who are not bona fide purchasers for value.

TEX. ESTATES CODE ANN. § 202.203 (West 2014).  In the Counter-Application to Determine Heirship, Adair-Stewart states:

> This application is being filed pursuant to Texas Estates Code Section 202.203. Applicant is an heir of decedent who was not served with citation, and is seeking a bill of review.  More than four (4) years have not passed since the determination of heirship being made in this matter; said determination of heirship was entered on December 3rd , 2014.

Although it is titled Counter-Application to Determine Heirship, Adair-Stewart is clearly seeking a bill of review pursuant to Section 202.203 of the Texas Estates Code.  We determine the nature of a motion by its substance, not its title or caption. *In re Brookshire Grocery Company*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding).

McCombs contends that because Adair-Stewart did not file the Counter-Application as a separate proceeding, it cannot be considered as a bill of review. On May 27, 2017, the trial court entered an order denying McComb's Motion to Dismiss for Lack of Jurisdiction and ordered the trial court clerk to establish a separate docket number for Adair-Stewart's Counter-Application to Determine Heirship and Counter-Application for Letters of Dependent Administration. On June 8, 2017, the County Clerk issued a letter stating that after review of Section 52.052 (a) of the Texas Estates Code, it was determined that the clerk would maintain only one cause number for the proceedings. The language in the May 27, 2017 Order directing the trial court clerk to establish a separate docket number was stricken from the Order.

McCombs filed a Second Motion to Dismiss for Lack of Jurisdiction on August 28, 2017, arguing that Adair-Stewart had not filed a bill of review and the trial court did not have plenary power over the judgment. The trial court denied the second motion to dismiss on September 27, 2017.

A bill of review is a separate proceeding from the underlying suit. *Ross v. National Center for the Employment of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006). Texas procedure has always mandated that a petition for bill of review be a new lawsuit filed under a different cause number than the case whose judgment the bill of review complainant is attacking. *Amanda v. Montgomery*, 877 S.W.2d 482, 485 (Tex. App. —Houston [1st Dist.] 1994, no pet.). However, as stated in *In re Thompson*:

> Some courts have held that a bill of review should not be dismissed solely on the basis that it was misfiled in the same case as the challenged judgment, rather than in a new action. *See Chamberlain v. Alexander*, No. 09-00-174-CV, 2001 WL 788408, at *2 (Tex. App. —Beaumont July 12, 2001, no pet.); *Wells v. Maxey*, No. 14-92-00789-CV, 1993 WL 143364, at *3 (Tex. App. —Houston [14th Dist.] May 6, 1993, writ denied); *Postell v. Tex. Dept. of Pub. Welfare*, 549 S.W.2d 425 (Tex. Civ. App. —Fort Worth 1977, writ ref'd n.r.e.).

*In re Thompson*, No. 01-17-00703-CV, 2018 WL 2106905, at * 4 (Tex. App. —Houston [1st Dist.] May 8, 2018, no pet.). In *Postell*, the court found that despite an improper designation as a "Motion to Vacate Void Judgment and Set Aside Orders" the motion was a bill of review. *Postell v. Texas Department of Public Welfare*, 549 S.W.2d 425 (Tex. Civ. App. —Fort Worth 1977, writ ref'd n.r.e.). The court held that although a bill of review is a separate suit and should be given a new docket number, it will not be dismissed if the allegations are otherwise sufficient. *Postell v. Texas Department of Public Welfare*, 549 S.W.2d at 426-427.

We find that Adair-Smith's Counter-Application to Determine Heirship complies with Section 202.203 of the Texas Estates Code and should be considered as a bill of review. The trial court did not abuse its discretion in denying McComb's motion to dismiss. The trial court should transfer Adair-Stewart's pleadings to a separate docket number. *See Postell v. Texas Department of Public Welfare*, 549 S.W.2d at 427.

## CONCLUSION

McComb's Petition for Writ of Mandamus is denied.

In re Candice McComb

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Petition denied
Opinion delivered and filed March 6, 2019
[OT06]

