

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-19-00081-CV

## IN RE AP GULF STATES, INC.

---

## Original Proceeding

---

## MEMORANDUM OPINION

---

Relator AP Gulf States, Inc. seeks a writ of mandamus directing Respondent, the Honorable Trent D. Farrell, Presiding Judge of the 52nd Judicial District Court of Coryell County, to vacate his Order of February 26, 2019 that required Real Party in Interest/Defendant Zurich American Insurance Company to tender and deliver the amount of $6,820,885.58 into the court's registry. AP additionally seeks to have Judge Farrell directed to grant its Plea to the Jurisdiction, Motion to Dismiss or Abate for Lack of Subject Matter Jurisdiction or, alternatively, to grant its Motion to Compel Arbitration. Having reviewed AP's petition, the briefs filed by Real Parties in Interest Coryell County Memorial Hospital Authority d/b/a Coryell Memorial Healthcare System and Zurich, as well as AP's reply brief, we find that Respondent abused his discretion and provisionally

grant mandamus relief requiring withdrawal of the registry order dated February 26, 2019 and requiring Respondent to rule on the requested relief by Relator including the Motion to Compel Arbitration.

This original proceeding arises out of the explosion that occurred at Coryell's hospital in Gatesville, Texas on June 26, 2018. At the time of the explosion, the hospital was undergoing significant additions and renovations ("the Project"). AP was the general contractor on the Project and obtained a builder's risk insurance policy from Zurich. On December 13, 2018, AP commenced an arbitration proceeding against Coryell seeking to recover funds it alleged remained unpaid from the Project. Coryell filed a Motion for Bifurcated Interim Relief in the arbitration on March 5, 2019. On January 24, 2019 Coryell filed suit against AP and Zurich in the 52nd Judicial District Court of Coryell County seeking to obtain possession and use of the insurance proceeds from the policy with Zurich. Coryell also seeks damages based upon breach of fiduciary duty and breach of the insurance code, as well as declaratory and injunctive relief, as a result of payments made to AP by Zurich out of the insurance proceeds. Judge Farrell set a hearing for February 21, 2019 on Coryell's request for an injunction. AP then filed a "Special Appearance, Plea to the Jurisdiction, Motion to Dismiss or Abate for Lack of Subject Matter Jurisdiction and, Subject Thereto, Original Answer and Motion to Compel Arbitration." On February 20, 2019, AP obtained an order from an emergency arbitrator that directed Coryell "not to proceed with consideration of its motion for a temporary injunction . . . until after Coryell and AP arbitrate the issue of distribution of those funds in this arbitration." Despite the emergency arbitrator's order, Coryell appeared on

February 21st for the temporary injunction hearing before Judge Farrell and requested that the insurance proceeds be deposited into the registry of the court rather than being paid directly to Coryell.

In its petition, AP argues that Judge Farrell abused his discretion by failing to address AP's various pleas prior to ruling on Coryell's request to deposit the insurance proceeds into the registry of the court. AP further argues that Judge Farrell abused his discretion by ordering the deposit of the insurance funds without being presented any evidence that the funds were in danger of being lost or depleted.

"Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal." *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding); *see also In re Mid-Century Ins. Co.*, 549 S.W.3d 730, 733 (Tex. App.—Waco 2017, orig. proceeding). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts." *Mid-Century*, 549 S.W.3d at 733; *see also In re Christus Santa Rosa Health System*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). A trial court abuses its discretion by ordering funds to be deposited into the registry of the court when there is insufficient evidence presented that the funds are in danger of being lost or depleted, "and mandamus relief from such an order is appropriate." *Zhao v. XO Energy LLC*, 493 S.W.3d 725, 736 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *see also Castilleja v. Camero*, 414 S.W.2d 431, 433 (Tex. 1967). Arguments of counsel are insufficient as evidence that funds are being lost or

depleted. *In re Reveille Resources (Texas), Inc.*, 347 S.W.3d 301, 304 (Tex. App.—San Antonio 2011, no pet.) (orig. proceeding).

The record does not support a determination that the Zurich insurance proceeds were actually in danger of being lost or depleted. Coryell's verified petition does not constitute evidence. *See Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified."); *In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at * 5 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (verified petition not offered into evidence at hearing cannot be considered as proof). Because there was insufficient evidence presented that the funds were in danger of being lost or depleted, Judge Farrell abused his discretion in ordering the funds to be deposited into the registry of the court.

Additionally, as the disposition of the insurance proceeds is inextricably intertwined with the arbitration proceeding between AP and Coryell, Judge Farrell's failure to rule on AP's plea to the jurisdiction and motions to dismiss or abate and to compel arbitration prior to granting Coryell's request to deposit the insurance funds was a clear and prejudicial error of law and an abuse of discretion.

We therefore conditionally grant AP's petition for writ of mandamus. A writ will issue only if Judge Farrell fails to: (1) vacate his order placing the funds from Zurich into the registry of the court; (2) rule on AP's Plea to the Jurisdiction, Motion to Dismiss or Abate for Lack of Subject Matter Jurisdiction and, Motion to Compel Arbitration; and (3) notify this Court in writing that he has done so within twenty-one (21) days from the date of this opinion.

The stay that was entered in this case on March 4, 2019 is lifted.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
      (Chief Justice Gray concurring in part and dissenting in part with a note)*
Petition provisionally granted and case remanded
Opinion delivered and filed April 10, 2019
[OT06]

\*     (Chief Justice Gray concurs in part and dissents in part to the judgment of the Court. A separate opinion will not issue but he provides the following note to explain his agreement and disagreement with the court. The trial court's abuse of discretion occurred as a result of the trial court ruling on Coryell's oral motion to require Zurich to deposit funds in the registry of the court before the trial court ruled on AP's motions regarding jurisdiction, abatement, and arbitration. While I agree we can, and should, order the trial court to withdraw the registry order within 21 days, I do not believe we can, or should, compel the trial court to rule on AP's motions within 21 days. Other than the sequence for ruling on the various motions, compelling a ruling on the other motions within a certain time period is beyond the relief that we can grant, absent a showing of an unwarranted passage of time without a ruling, even if it was requested. With these comments I concur in the Court's judgment to the extent it compels the trial court to withdraw its February 26, 2019 registry order but dissent to the Court's judgment to the extent that it compels the trial court to rule on AP's motions within a prescribed time frame.)

