# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00307-CV

---

**Mark Joseph Watson, Appellant**

**v.**

**City of San Marcos, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. 22-0424, THE HONORABLE DWIGHT E. PESCHEL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Mark Joseph Watson, appearing pro se, appeals from the trial court's final order granting the City of San Marcos's plea to the jurisdiction and dismissing with prejudice his claims against the City. For the following reasons, we affirm the trial court's final order.

### BACKGROUND

Watson filed a "Complaint for a Civil Case of Negligent Conduct Resulting in Tortious Interference in a Real Estate Transaction and Unjust Enrichment" against the City in March 2022. Apart from its caption, the complaint does not identify any specific causes of action that Watson asserts against the City. The complaint contains multiple citations in footnotes and in the body to state and federal statutes but does not explain their relevance to his lawsuit or make any factual allegations related thereto. Rather, he complains generally that the City "OBTAINED performance on discharged and extinguished liens by virtue of conveyance by a taxing unit."

In a section of the complaint entitled "Statement of the Claim," Watson alleges the following: (1) he is authorized by law to execute various documents in connection with his sale of certain San Marcos real property with his signature plus the phrase "ALL RIGHTS RESERVED,"[1] (2) his title company informed him there were two City liens on the property at issue, (3) the City refused to release the liens unless they were paid, and (4) his title company would not allow the sale to close unless the liens were released. In the next section of the complaint, entitled "Relief Demanded," Watson cites several sections of the Texas Civil Practice and Remedies Code, claiming that they "cover the CITY OF SAN MARCOS employees" and "cover conduct including deprivation of rights with reckless disregard," including "set[ting] the limit on the amount of recoverable damages to $300,000.00 for a single occurrence." *See* Tex. Civ. Prac. & Rem. Code §§ 104.001 (requiring State to indemnify its employees for conduct described in Section 104.002), .002 (making State liable for indemnification of its employees for damages arising from specified causes of action), .003 (setting limits for State indemnification of its employees). He then refers to an "Affidavit of Reservation of Rights UCC 1-308 (ARR)" that he filed in the Hays County public records purportedly setting the City's liability "to an exact amount of $250,000.00 for a single occurrence" and alleging that such damages "are allowed and REQUIRED by the ARR which is a common law contract." The next section of Watson's complaint is a chart entitled "Recoverable Damages" listing the amounts for which the City is purportedly liable because of its "negligent conduct resulting in tortious interference of a real estate transaction and unjust enrichment," followed by a section entitled "Certification and

---

[1] The authorities he cites in support of his entitlement to execute the documents thusly are Chapter 105 of the Texas Civil Practice and Remedies Code and 42 U.S.C. § 1983. Except for the mere citation to these two authorities, however, the complaint does not explain their significance or applicability.

Closing" in which he certifies that the complaint complies with Texas Rule of Civil Procedure 13, among other averments.

The City filed a plea to the jurisdiction in which it argued that it enjoyed governmental immunity and that Watson's pleadings affirmatively negated the existence of the trial court's jurisdiction because they had not alleged or demonstrated a valid waiver of immunity. The City also filed special exceptions objecting to Watson's complaint "because it fails to state a proper cause of action for which recovery is warranted." In addition to responses to the City's plea and special exceptions, Watson filed a "Motion to Show Authority and Strike," in which he argued that the City's attorneys were not authorized to represent it and were required to show their authority to do so; a motion for summary judgment; and a motion for judgment by default.

In a non-evidentiary hearing, the trial court considered the City's plea to the jurisdiction and Watson's motion to show authority, after which hearing the trial court denied Watson's motion and granted the City's plea. Watson filed a request for findings of fact and conclusions of law and a notice of past-due findings of fact and conclusions of law, but the trial court did not issue any, and Watson timely perfected appeal to this Court.

## DISCUSSION

Watson raises three issues on appeal.[2] In his first, he contends that the trial court erred in failing to issue findings of fact and conclusions of law per his request. *See* Tex. R. Civ. P. 296 ("Requests for Findings of Fact and Conclusions of Law"). We conclude that the trial

---

[2] We have reorganized and reordered Watson's issues, combining his issues and arguments as necessary to eliminate redundancy yet address every issue raised and necessary to disposition of this appeal. *See* Tex. R. App. P. 47.1.

court properly refused to issue them, however, because when a trial court decides a plea to the jurisdiction as a matter of law without hearing evidence, as it did here, "there is no disputed fact issue for resolution by the trial court, and findings of fact and conclusions of law are not required and serve no purpose." *In re Villarreal*, No. 04-17-00658-CV, 2018 WL 521611, at \*2 (Tex. App.—San Antonio Jan. 24, 2018, no pet.) (mem. op.); *see Cubbage v. Harris Cnty. Appraisal Dist.*, No. 14-13-00508-CV, 2013 WL 5306191, at \*2 (Tex. App.—Houston [14th Dist.] Sept. 19, 2013, no pet.) (mem. op.); *see also IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997) (recognizing that party is not entitled to findings of fact and conclusions of law when judgment must be rendered as matter of law). We accordingly overrule Watson's first issue.

In his second issue, Watson contends that the trial court erred in denying his Rule 12 motion to show authority and to strike the City's pleadings. *See* Tex. R. Civ. P. 12. Rule 12 permits a party, "*by sworn motion* stating that he believes the suit or proceeding is being prosecuted or defended without authority," to cause the challenged attorney to "appear before the court and show his authority to act." *Id.* (emphasis added). At the hearing on the motion, the challenged attorney bears the burden of proof to "show sufficient authority to prosecute or defend the suit on behalf of the other party." *Id.* We review a trial court's ruling on a motion to show authority for an abuse of discretion. *Tanner v. Black*, 464 S.W.3d 23, 26 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

As Rule 12 expressly states, a party's motion to show authority must be sworn. *See* Tex. R. Civ. P. 12. Neither Watson's original motion nor his amended motion to show

4

authority was sworn. Therefore, the trial court properly denied the motion.[3] *See Wheelock v. Kerr County*, No. 04-22-00349-CV, 2023 WL 2144301, at *5 (Tex. App.—San Antonio Feb. 22, 2023, no pet. h.) (mem. op.) (denying Rule 12 motion filed in appellate court because it was unsworn and thus did not comply with rule's "plain requirements"); *G.R.J. v. State*, 588 S.W.2d 624, 625 (Tex. App.—Houston [14th Dist.] 1979, no writ) (affirming denial of Rule 12 motion that was unsworn); *see also Umar v. Texas Dep't of Crim. Justice, Institutional Div.*, No. 09-96-00402-CV, 1997 WL 536701, at *2 (Tex. App.—Beaumont Aug. 28, 1997, no writ) (not designated for publication) (holding that trial court did not err in failing to rule on motion to show authority that was not sworn). We overrule Watson's second issue.

In his final issue, Watson contends that the trial court erred in granting the City's plea to the jurisdiction. Sovereign immunity protects governmental entities such as the City from suit and liability unless immunity has been expressly waived. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26, 228 (Tex. 2004) (also noting that we review trial court's ruling de novo). Because sovereign immunity from suit defeats a trial court's subject-matter jurisdiction, immunity from suit can be asserted in a jurisdictional plea, *see id.* at 224, as the City did here. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the

---

[3] Moreover, even had Watson's motion been sworn, we note that the arguments he made in support of his motion are without merit because they apply to state agencies, not cities. *See, e.g.*, Tex. Gov't Code § 402.0212 (requiring contract for legal services between outside counsel and state agencies in executive department to be approved by attorney general). Furthermore, even though Watson's motion was not sworn, the City attached to its response several documents demonstrating that its undersigned attorneys had proper authority to represent it.

5

plaintiff an opportunity to amend. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Because we conclude that the allegations in Watson's pleadings affirmatively negate the existence of jurisdiction, we hold that the trial court properly granted the City's plea.

Liberally reading Watson's complaint, we discern two causes of action raised therein: (1) tortious interference with a contract and (2) unjust enrichment. It is well-established that tortious interference with contract is an intentional tort. *See, e.g.*, *Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995); *Champion Printing & Copying LLC v. Nichols*, No. 03-15-00704-CV, 2017 WL 3585213, at *15 (Tex. App.—Austin Aug. 18, 2017, pet. denied) (mem. op.); *James v. Easton*, 368 S.W.3d 799, 804 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). The Texas Tort Claims Act expressly precludes waiver of sovereign immunity for intentional torts. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2); *see also City of Crawford v. DCDH Dev., LLC*, No. 13-20-00281-CV, 2022 WL 868056, at *11 (Tex. App.—Corpus Christi–Edinburg Mar. 4, 2022, no pet.) (mem. op.) (concluding that immunity had not been waived when tortious interference with contract was alleged, due to claim being intentional tort); *Ethio Exp. Shuttle Serv., Inc. v. City of Houston*, 164 S.W.3d 751, 758 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (same). Although Watson argues that rather than being "intentional," the City's alleged interference with the subject contract was merely "negligent," the "intentional tort exception cannot be circumvented merely by alleging that the government was negligent." *Harris County v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Furthermore, the only factual allegations Watson made in his complaint about the City's actions comprised the intentional act of requiring the liens to be paid prior to closing. Accordingly, the trial court did not err in determining that it did not have jurisdiction over Watson's claim for tortious interference with a contract.

As to Watson's claim for unjust enrichment, it is established under Texas law that unjust enrichment is not an independent cause of action and therefore cannot, on its own, support a waiver of governmental immunity. *See Richardson Hosp. Auth. v Duru*, 387 S.W.3d 109, 114 (Tex. App.—Dallas 2012, no pet.); *see also Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ) ("Unjust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits under circumstances which give rise to an implied or quasi-contractual obligation to return the benefits."). Furthermore, Watson did not allege any facts in his complaint that might support an implied or quasi-contractual obligation on the City's part to release the liens without payment or to take any similar action. Accordingly, the trial court did not err in determining that it did not have jurisdiction over Watson's claim related to unjust enrichment.

Additionally, to the extent that Watson is arguing that his complaint also makes a claim for relief under Chapter 104 of the Civil Practice and Remedies Code—for the City's alleged "deprivation of [his] rights with reckless disregard"—we conclude that he has not demonstrated the trial court's jurisdiction over the claim because Chapter 104 neither creates a cause of action nor waives the City's immunity. *See Perry v. Texas A & I Univ.*, 737 S.W.2d 106, 108 (Tex. App.—Corpus Christi–Edinburg 1987, writ ref'd n.r.e.). Furthermore, the pleading defects stemming from Watson's asserted claims cannot be cured by amendment alleging additional facts because they each turn on questions of law. *See City of Houston v. Johnson*, 353 S.W.3d 499, 505 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). We accordingly overrule Watson's third and final issue.[4]

---

[4] Although Watson argues on appeal that he additionally asserted a constitutional civil-rights claim under 42 U.S.C. § 1983, a review of his petition demonstrates that he made nothing

**CONCLUSIONS**

Having overruled Watson's issues, we affirm the trial court's final order granting the City's plea to the jurisdiction and dismissing with prejudice all of Watson's claims against the City.

_____
Thomas J. Baker, Justice

Before Justices Baker, Smith, and Jones*

Affirmed

Filed:   April 20, 2023

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment.  *See* Tex. Gov't Code § 74.003(b).

---

more than a few passing references to the statute, without any explanation except to say that the statute grants him "standing" and that there has been "a legal reservation of rights" thereunder but with no alleged facts that might support a Section 1983 claim. *Cf. Flowers v. City of Diboll*, No. 12-12-00107-CV, 2013 WL 2286050, at *6 (Tex. App.—Tyler May 22, 2013, pet. denied) (mem. op.) (listing elements of Section 1983 claim).  Furthermore, when a plaintiff alleges *no* facts raising a viable constitutional violation, he is not entitled to an opportunity to amend the petition.  *See City of Paris v. Abbott*, 360 S.W.3d 567, 583 & n.13 (Tex. App.—Texarkana 2011, pet. denied); *City of Houston v. Johnson*, 353 S.W.3d 499, 505 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).